■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY E. HAYDEN, Appellant. [874 NYS2d 618]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 2, 2008, upon a verdict convicting defendant of three counts of the crime of robbery in the second degree.

Following an incident in which the victim was allegedly beaten and robbed by defendant and four other men, defendant was charged in an indictment with three counts of robbery in the second degree and one count of assault in the third degree. The matter proceeded to a jury trial, at the close of which defendant was acquitted of assault in the third degree and otherwise convicted as charged. County Court thereafter sentenced him to an aggregate term of six years in prison, to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Defendant argues that his conviction was against the weight of the evidence, asserting that the victim's testimony is incredible as a matter of law and that the People failed to establish that the victim suffered a physical injury, an element of robbery in the second degree as charged in count two of the indictment (*see* Penal Law § 160.10 [2] [a]). Inasmuch as the People concede that a different verdict would not have been unreasonable, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]). Moreover, weight of the evidence review is not limited to a determination of credibility issues; we "must [also] consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007]).

Here, it is undisputed that defendant was present during the physical altercation involving the victim, although defendant informed police that he was merely trying to break up the fight. The victim, in contrast, testified that defendant participated in the altercation and, indeed, pointed a silver pistol at the victim's

face and struggled with him over the pistol when he grabbed defendant's hand. The victim further gave detailed testimony describing how codefendant Andraus Murphy and the other men present repeatedly hit him in the head and face, dragged him down the stairs, kicked him, and stomped on him until he defecated, then pulled his sweatshirt over his head, ripped open his pants pocket, took his belongings—including about $300 in cash—and left him lying at the bottom of a stairwell. The victim blacked out and, after the attack, went to the house of his girlfriend, who called the police. Officers responding to the 911 call stated that they observed the victim lying on the floor in a fetal position, moaning and holding his rib section, with blood coming from his nose. The victim was then taken to the hospital where X rays revealed no broken bones, but the victim nonetheless sustained abrasions, bruised ribs and a bruised jaw, which left him feeling like he "got ran over by a truck" and made it difficult for him to breathe, move and walk for a few days after the incident. The victim further stated that doctors at the hospital tried to give him prescription painkillers, but he refused the medication because painkillers make him sick. Finally, we note that police detectives who executed a search warrant at defendant's apartment found a fitted hat that was the same size and otherwise identical to that reported stolen by the victim.

Viewing the evidence in a neutral light, according deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d at 495), and considering the elements of the crimes (*see* Penal Law § 160.10 [1], [2]), we conclude that the verdict is not against the weight of the evidence (*see People v Winchell*, 46 AD3d 1096, 1097 [2007], *lv denied* 10 NY3d 818 [2008]; *People v Rivera*, 42 AD3d 587, 589 [2007], *lv denied* 9 NY3d 880 [2007]; *People v Mendez*, 34 AD3d 697, 699 [2006]). Although the victim's testimony may have been inconsistent with his prior statements about the incident, those inconsistencies do not, in our view, render the testimony incredible as a matter of law (*see People v Voymas*, 39 AD3d 1182, 1183 [2007], *lv denied* 9 NY3d 852 [2007]; *People v Black*, 304 AD2d 905, 907-908 [2003], *lv denied* 100 NY2d 578 [2003]; *see also People v Brown*, 46 AD3d 949, 951 [2007], *lv denied* 10 NY3d 808 [2008]). Finally, given the officers' description of defendant when they first encountered him and the victim's testimony about his course of treatment at the hospital and the pain resulting from the attack, we cannot conclude that the jury's finding that the victim suffered a physical injury was against the weight of the evidence (*see* Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Black*, 304 AD2d at 908).

Defendant's remaining argument has been considered and found to be lacking in merit.

Peters, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.