■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. KELLY, Appellant. [883 NYS2d 652]—

Malone Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 4, 2007, upon a verdict convicting defendant of the crimes of murder in the first degree, robbery in the first degree and criminal possession of a weapon in the third degree.

For his role in the robbery and murder of a crack dealer that he allegedly committed with two codefendants,* defendant was charged with murder in the first degree, two counts of murder in the second degree, robbery in the first degree, conspiracy in the fourth degree, tampering with physical evidence and criminal possession of a weapon in the third degree. Following a jury trial, defendant was found guilty of all counts, except conspiracy in the fourth degree. On defendant's motion pursuant to CPL 330.30 and with the People's consent, County Court dismissed the evidence tampering charge and, sua sponte, dismissed the two counts of murder in the second degree as lesser included offenses of murder in the first degree. Defendant was thereafter sentenced to an aggregate prison term of 25 years to life, with five years of postrelease supervision. Defendant appeals.

Contrary to defendant's contention, County Court did not err by refusing to dismiss two jurors who had cursory, albeit impermissible, contact with a witness for the People. The record reflects that, after a sufficiently probing inquiry into the matter, the court properly determined that the jurors were not grossly unqualified to continue serving and that defendant would not be prejudiced by continuing with the trial (see People v Buford, 69 NY2d 290, 299-300 [1987]; People v Wallace, 293 AD2d 872, 873-874 [2002]). Defendant's claim that the court's inquiry was insufficient is unpreserved inasmuch as defendant failed to raise such objection at the time of the inquiry (see People v Hicks, 6 NY3d 737, 739 [2005]).

Although defendant asserts a litany of additional errors that he claims deprived him of a fair trial, these contentions were not preserved for review (see CPL 470.05 [2]). Moreover, contrary to defendant's contention, trial counsel's failure to make the appropriate objections did not render counsel ineffective, especially considering that defendant's arguments lack merit in any event. The record further reflects that the two attorneys representing defendant at trial engaged in extensive discovery, successfully sought and obtained the suppression or limitation

---

* For his participation in the incident, codefendant Luther Thomas pleaded guilty to robbery in the first degree and, in exchange for his testimony against defendant, he received an 18-year prison sentence. Upon appeal, this Court affirmed the judgment of conviction (People v Thomas, 53 AD3d 864 [2008], lv denied 11 NY3d 858 [2008]).

of testimonial and physical evidence, effectively cross-examined witnesses and successfully moved pursuant to CPL article 330 to set aside the verdict on one count of the indictment. Considering the totality of the circumstances, defendant was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Fuller*, 50 AD3d 1171, 1176-1177 [2008], *lv denied* 11 NY3d 788 [2008]).

Mercure, J.P., Peters, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.