■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRAUS M. MURPHY, Appellant. [887 NYS2d 359]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 20, 2007, upon a verdict convicting defendant of the crime of robbery in the second degree (two counts).

On December 17, 2006 at approximately 1:00 A.M., the victim was allegedly beaten and robbed by defendant and four other men, including codefendant Gregory E. Hayden. According to the victim, he exited a bar in the Village of Endicott, Broome County with defendant and Hayden after meeting both men for the first time earlier that night. The victim agreed to purchase marihuana from the men and accompanied them to a nearby stairwell off of an alleyway leading to Hayden's third-floor apartment. The victim and defendant stayed on the second-floor landing while Hayden continued to the third floor. Shortly there-

after, Hayden came down the stairs with two men, while a third unidentified man approached the second-floor landing from below. The victim indicated that Hayden then drew a pistol and attempted to point it in his face. He described how he grabbed the gun from Hayden and was able to pry it away, however, defendant and the other men then repeatedly struck him in the head and face, dragged him down the stairs, kicked him, and stomped on him. They pulled his sweatshirt over his head, ripped open his pants pocket, took his cash and other belongings and left him lying at the bottom of the stairwell. After the attack, the victim walked to his girlfriend's house and the police were called.

Defendant and Hayden were thereafter arrested and jointly charged in an indictment with three counts of robbery in the second degree and one count of assault in the third degree. Following a joint trial, a jury found defendant guilty of two counts of robbery in the second degree, but acquitted him of the remaining two charges.[1] He was sentenced to two concurrent four-year prison terms, to be followed by four years of post-release supervision.

Initially, we are unpersuaded by defendant's contention that his convictions were against the weight of the evidence.[2] According to defendant, the victim's testimony as to his alleged participation was inconsistent and confusing and caused the jury to convict defendant based upon proof of wrongdoing committed by Hayden. Since, as the People concede, a different verdict would not have been unreasonable herein, we must, like County Court, "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Then, based upon the weight of the credible evidence, we must decide whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Alford*, 65 AD3d 1392, 1393 [2009] [citations and internal quotation marks omitted]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Hayden*, 60 AD3d 1155, 1156 [2009], *lv denied* 12 NY3d 854 [2009]).

Here, with respect to count one of the indictment charging both defendants with forcibly stealing the victim's property

---

**1.** The jury found Hayden guilty of three counts of robbery in the second degree and that conviction was upheld by this Court (*People v Hayden*, 60 AD3d 1155 [2009], *lv denied* 12 NY3d 854 [2009]).

**2.** Although defendant also argues that the evidence was legally insufficient to support his convictions, he failed to properly preserve that claim for our review (*see People v Richardson*, 55 AD3d 934, 935 n 1 [2008], *lv dismissed* 11 NY3d 857 [2008]).

while being aided and abetted by the other (*see* Penal Law § 160.10 [1]), the victim testified to the rifling of his pockets in the course of the scuffle and identified items taken from him that were recovered in Hayden's apartment. As for defendant's participation, defendant admitted during questioning by the police that he met the victim on the night in question, walked with him to a nearby alleyway accompanied by another male and was present during the ensuing altercation. Although defendant also told the police that his only involvement in the melee was his attempt to break up the fight, the victim specifically testified that, after Hayden brandished a weapon, defendant, who was directly in front of him, started "swinging and hitting" him.

Viewing this evidence in a neutral light and giving due deference to the jury's credibility determinations, the verdict with respect to count one of the indictment is not against the weight of the evidence (*see People v Hayden*, 60 AD3d at 1157; *People v Jackson*, 48 AD3d 891, 892 [2008], *lv denied* 10 NY3d 841 [2008]). While there may be certain inconsistencies in the victim's testimony with respect to his prior statements, we do not find that those inconsistencies rendered his testimony incredible as a matter of law (*see People v Hayden*, 60 AD3d at 1157). Furthermore, given the extensive testimony by the victim and other witnesses concerning the injuries he sustained in the course of the robbery (*see id.*), we do not find the verdict convicting defendant of count two of the indictment charging both defendants with causing physical injuries to the victim in the course of forcibly stealing his property (*see* Penal Law § 160.10 [2] [a]) to be against the weight of the evidence.

Next, defendant raises various arguments asserting that the jury's verdict was repugnant. As noted by defendant, however, no objection was made to the verdict prior to the discharge of the jury. "In order to preserve claims that a jury verdict is inconsistent or repugnant, such claims must be made before the jury is discharged, at a time when the court can resubmit the matter to the jury to obtain a consistent verdict" (*People v Perry*, 27 AD3d 952, 953 [2006], *lv denied* 8 NY3d 883 [2007] [citations omitted]; *see People v Alfaro*, 66 NY2d 985, 987 [1985]) Accordingly, this issue has not been preserved for our review.

· Additionally, defendant contends that his four-year sentence is harsh and excessive in light of, among other things, his young age and college aspirations. We do not agree. Given the nature of the subject crimes, as well as defendant's prior criminal history and lack of remorse, "we find neither an abuse of discretion by County Court nor the existence of any extraordinary cir-

cumstances warranting a reduction of the sentence in the interest of justice" (*People v Mitchell*, 55 AD3d 1048, 1052 [2008], *lv denied* 12 NY3d 856 [2009]; *see People v Sims*, 57 AD3d 1106, 1109 [2008] [2009], *lv denied* 12 NY3d 762 [2009]).

Finally, the remaining issues raised by defendant and not specifically addressed herein, including his challenge to the jury instructions, have been examined and found to be unpersuasive.

Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.

