(March 29, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE M. GALLOWAY, Appellant. [940 NYS2d 699]—

Malone Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 17, 2010, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (four counts) and sexual abuse in the second degree.

On December 11, 2008, based upon allegations that defendant had subjected two female children, victim A (born in 1993) and victim B (born in 1996), to sexual contact, he was charged by indictment with multiple counts of sexual abuse in the first degree and unlawfully dealing with a child in the first degree. The People announced their readiness for trial 11 days later, but the People thereafter informed County Court that they were not prepared to proceed to trial in light of allegedly new information. As a result, the original indictment was superceded in July 2009 by an indictment charging defendant with four counts of sexual abuse in the first degree and one count of sexual abuse in the second degree. Defendant thereafter unsuccessfully moved to dismiss the superceding indictment on statutory speedy trial grounds. After a jury trial, defendant was found guilty as charged and was subsequently sentenced to an aggregate prison term of eight years, with two years of postrelease supervision for each conviction. Defendant appeals.

Initially, defendant's speedy trial motion was properly denied. The People filed the first declaration of trial readiness 94 days after the commencement of the criminal action, and County Court properly charged the People with 32 days, reflecting the amount of time between the withdrawal of the original declaration of trial readiness in July 2009 and the second announcement of readiness in August 2009. That brought the total time chargeable to the People to 126 days, well within the six-month statutory time period (see CPL 30.30 [1] [a]). Contrary to defendant's contention, the People's statement of readiness was not rendered illusory by the People's withdrawal of it in order to seek a superceding indictment (see People v Sinistaj, 67 NY2d 236, 240-241 [1986]; see also CPL 200.80 [The People may seek a superceding indictment "any time before entry of a plea of guilty to an indictment or commencement of a trial thereof"]). Although the superceding indictment contained different dates of the alleged incidents, it was "directly derived" from the initial accusatory instrument and, as such, it relates back to the earlier announcement of readiness (People v Farkas, 16 NY3d 190, 193 [2011]; see People v Sinistaj, 67 NY2d at 241; People v Stone, 265 AD2d 891, 892 [1999], lv denied 94 NY2d 907 [2000]).

Next, defendant claims that the convictions are not supported by the weight of the evidence. In conducting a weight of the evidence review, if a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]). However, in doing so, "we accord great deference to the jury's conclusions regarding the credibility of witnesses and the weight to be given their testimony" (*People v Scott*, 47 AD3d 1016, 1017 [2008], *lv denied* 10 NY3d 870 [2008] [internal quotation marks and citations omitted]).

Upon reviewing the record here, we are satisfied that the verdict is not against the weight of the evidence. For defendant to be found guilty of the crimes with which he was charged, it had to be proven that defendant subjected both victim A and victim B to sexual contact when they were less than 11 years old (*see* Penal Law § 130.65 [3]) and that defendant subjected victim A to sexual contact when she was less than 14 years old (*see* Penal Law § 130.60 [2]). Victim A testified that defendant had touched her vagina two times, once in September 2001 and once during her winter break during the 2005-2006 school year. After the second incident, victim A refused to visit with defendant for approximately two years. Victim B testified that defendant twice touched her breasts and once fondled her buttocks when she was at defendant's camp during the summer of 2006. Neither victim wavered in her trial testimony and other witnesses provided information that supported the victims' testimony, including defendant's son, who stated that, during the two years that victim A refused to see defendant, he had conversations with defendant in which defendant had, among other things, apologized and admitted to going "over the line."[1] Although neither victim immediately disclosed the incidents of sexual contact, and even though defendant was able to impeach their trial testimony with prior statements, their credibility is an issue for the jury to determine and we find no basis to disturb that determination (*see People v Artis*, 90 AD3d 1240, 1240 [2011]; *People v Wright*, 88 AD3d 1154, 1157 [2011], *lv denied* 18 NY3d 863 [2011]). Contrary to defendant's contention, minor inconsistencies in various witnesses' testimony did not render

---

1. Contrary to defendant's contention, these statements were properly admitted as inculpatory party admissions (*see People v Cruz*, 41 AD3d 893, 896 [2007], *lv denied* 10 NY3d 933 [2008]; *People v Swart*, 273 AD2d 503, 505 [2000], *lv denied* 95 NY2d 908 [2000]).

the testimony incredible as a matter of law (*see People v Hayden*, 60 AD3d 1155, 1157 [2009], *lv denied* 12 NY3d 854 [2009]; *see also People v Calabria*, 3 NY3d 80, 82 [2004]).

Next, contrary to defendant's contention, County Court did not improperly allow the People to admit what he mistakenly characterizes as prompt outcry evidence through their examination of the victims' mothers. Notably, the testimony is not prompt outcry testimony because neither of the mothers testified on direct examination that the victims had disclosed the sexual abuse to them. Further, the testimony of these witnesses did not constitute improper bolstering. Instead, the testimony of the victims' mothers "was relevant to the investigative process . . . and provided background information to explain why the victim[s] had not reported the abuse to the authorities when it occurred" (*People v Manning*, 81 AD3d 1181, 1183 [2011]).

Finally, although defendant contends that he was denied his right to a fair trial based on the selection of two jurors and due to prosecutorial misconduct during opening and closing statements, his failure to make appropriate objections renders these claims unpreserved for our review (*see People v Kelly*, 65 AD3d 714, 715 [2009], *lv denied* 13 NY3d 860 [2009]).[2] Defendant's remaining contentions have been considered and found to be without merit.

Mercure, A.P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Defendant's general objections during the People's summation were insufficient to preserve defendant's current arguments with regard to such (*see People v Harris*, 98 NY2d 452, 491 n 18 [2002]; *People v Dien*, 77 NY2d 885 [1991]).