■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ROBINSON, Also Known as BLACK, Appellant. [984 NYS2d 479]—

Peters, P.J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered April 12, 2012, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree, assault in the second degree (two counts) and grand larceny in the fourth degree.

Defendant and codefendants Codie Hayward and Edwin Pastor were indicted for numerous crimes stemming from an incident during which they robbed and pistol-whipped the victim. Following a jury trial, defendant was convicted of two counts each of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and assault in the second degree, as well as one count each of criminal possession of a weapon in the second degree and grand larceny in the fourth degree. Sentenced as a second felony offender to an aggregate prison term of 18 years, to be followed by five years of postrelease supervision, he now appeals.

Defendant's assertion that his convictions are against the weight of the evidence is without merit. When conducting a

weight of the evidence review, we consider the evidence in a neutral light and, if a different verdict would not have been unreasonable, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Fernandez*, 106 AD3d 1281, 1282 [2013]). In doing so, "we accord great deference to the jury's conclusions regarding the credibility of witnesses and the weight to be given their testimony" (*People v Galloway*, 93 AD3d 1069, 1071 [2012], *lv denied* 19 NY3d 996 [2012] [internal quotation marks and citations omitted]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Johnson*, 91 AD3d 1194, 1196 [2012], *lv denied* 18 NY3d 995 [2012]).

Here, the trial testimony of Hayward and Pastor established that defendant played an active role in planning and carrying out the robbery and physical attack upon the victim. They recounted a meeting with defendant during which they devised a plan to do so, and stated that guns were thereafter procured for their use in effectuating the crimes. Both testified that, on the day of the incident, defendant picked them up in a gold car and the three confirmed the plan while traveling to a convenience store where the victim would be present. They explained that, upon arriving at the scene, defendant and Hayward approached the victim and began speaking with him, after which Pastor suddenly emerged pointing a gun at the victim's face and demanding that he turn over his possessions. After the victim handed over his jewelry and cash, he was ordered into the driver's side of his vehicle while Pastor searched it for drugs, and defendant and Hayward surrounded the vehicle's door. When the search proved fruitless, Pastor began pistol-whipping the victim in the face until the gun went off, causing the three to flee.

The victim's account of the incident was similar to that given by Hayward and Pastor, also relating that he went to the convenience store at the behest of defendant. He further recounted that, although not displaying a weapon, defendant ordered him to "[g]ive up everything" while the two others pointed guns at him, and that during the course of the physical attack, defendant and Hayward positioned themselves in such a way as to prevent him from escaping. Furthermore, a witness in the area at the time of the incident explained that, after hearing a "pop," she observed three men running from the scene of the crime and fleeing in a gold vehicle. Notably, the owner of this vehicle

testified that defendant arranged to borrow the vehicle and repeatedly instructed her to remain silent about the matter. Blood and defendant's fingerprints were found inside the vehicle, and witnesses testified as to having seen defendant with the stolen watch during the days following the crimes.

Upon exercising our independent review and weighing the proof in the record, we are unpersuaded that the verdict was against the weight of the evidence. Although defendant highlights certain inconsistencies between the testimony of Hayward and Pastor, their prior statements to police and the victim's testimony, these were collateral to the main issues and did not render such testimony unworthy of belief (*see People v Galloway*, 93 AD3d at 1071-1072; *People v Moyer*, 75 AD3d 1004, 1006 [2010]; *People v Hayden*, 60 AD3d 1155, 1157 [2009], *lv denied* 12 NY3d 854 [2009]). Their testimony, which the jury weighed and accepted, coupled with the additional evidence presented, provided ample support for its determination that defendant's guilt was established beyond a reasonable doubt (*see People v Danielson*, 9 NY3d at 348; *People v Romero*, 7 NY3d at 643-644).

Nor are we convinced that defendant's 18-year aggregate sentence, which was less than the maximum allowable, is harsh or excessive. While defendant attempts to minimize his participation in the incident, the evidence demonstrated that he played an active role in orchestrating and ultimately effectuating the robbery and the ensuing violent attack upon the victim. The fact that defendant received a greater sentence than that of Hayward and Pastor upon their guilty pleas does not warrant a reduction of his sentence (*see People v Morrison*, 71 AD3d 1228, 1230 [2010], *lv denied* 15 NY3d 754 [2010]; *People v McLean*, 307 AD2d 586, 588 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Roberts*, 301 AD2d 756, 757 [2003]; *People v King*, 277 AD2d 708, 712 [2000], *lv denied* 96 NY2d 802 [2001]). Perceiving neither an abuse of discretion by County Court nor any extraordinary circumstances warranting a modification of the sentence in the interest of justice, we decline to disturb it (*see id.*)

Finally, defendant's conviction of assault in the second degree under Penal Law § 120.05 (6) must be vacated and that count of the indictment dismissed, as it is an inclusory concurrent count of robbery in the second degree under Penal Law § 160.10 (2) (a) (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Perez*, 93 AD3d 1032, 1039 [2012], *lv denied* 19 NY3d 1000 [2012]; *People v Maldonado*, 46 AD3d 842, 842 [2007], *lv denied* 10 NY3d 842 [2008]; *People v Brinson*, 216 AD2d 900, 901 [1995], *lv denied* 87 NY2d 844 [1995]).

Garry, Rose and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of assault in the second degree as a lesser included offense under count 10 of the indictment; said count dismissed and the sentenced imposed thereon vacated; and, as so modified, affirmed.