The People of the State of New York, Respondent,
against
Ryan H. (Anonymous), Appellant.




John R. Lewis, for appellant.
Westchester County District Attorney (Laurie Sapakoff and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (William Edwards, J.), rendered April 28, 2016. The judgment, after a nonjury trial, adjudicated defendant a youthful offender upon a verdict finding defendant guilty of petit larceny and harassment in the second degree.




ORDERED that the judgment adjudicating defendant a youthful offender is modified, on the facts and law, by vacating so much thereof as adjudicated him a youthful offender upon the portion of the verdict finding him guilty of harassment in the second degree, and the count of the accusatory instrument charging that offense is dismissed; as so modified, the judgment adjudicating defendant a youthful offender is affirmed.
Defendant was charged with petit larceny (Penal Law § 155.25), in that, while aiding, abetting and acting in concert with another person (see Penal Law § 20.00), defendant had stolen a lottery ticket and $15 from the complainant. Defendant was also charged in the same accusatory instrument with harassment in the second degree (Penal Law § 240.26 [1]). After a nonjury trial, defendant was found guilty of the charges and adjudicated a youthful offender.
Viewing the evidence in the light most favorable to the prosecution (see People v Lynch, 95 NY2d 243, 247 [2000]; People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of petit larceny. The complainant testified that, while he had been holding a lottery ticket and $15 in his hand, an individual, later identified as defendant, had approached the complainant and distracted him by asking him something unintelligible. [*2]When the complainant stopped to ask defendant what he had said, a second individual, later identified as Delroy Thomas, approached the complainant and grabbed the lottery ticket and cash from his hand. With those items in Thomas's possession, defendant and Thomas began laughing and ran away together. The foregoing evidence established defendant's intent to aid Thomas (see Penal Law § 20) by providing a distraction to enable Thomas to steal the complainant's property. We further find that the complainant's testimony was legally sufficient to establish beyond a reasonable doubt the identification of defendant as one of the perpetrators (see People v Smith, 131 AD3d 1270 [2015]).
Upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Romero, 7 NY3d 633 [2006]), we conclude that so much of the verdict as found defendant guilty of petit larceny was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the evidence (see People v Danielson, 9 NY3d 342, 347 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), and its determination should not be disturbed unless clearly unsupported by the record (People v Mateo, 2 NY3d at 410). We find that the minor inconsistencies between the police officer's testimony and the complainant's testimony regarding defendant's appearance at the time of the incident did not render the identification testimony incredible as a matter of law (see People v Hayden, 60 AD3d 1155, 1157 [2009]; Matter of Quanel M., 8 AD3d 387 [2004]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we further find that it was legally insufficient to establish defendant's guilt of harassment in the second degree beyond a reasonable doubt (see People v Dietze, 75 NY2d 47, 53-54 [1989]; People v Todaro, 26 NY2d 325 [1970]). There was no proof establishing that defendant, while acting individually or in concert with another, had any intent to harass, annoy or alarm the complainant by striking, shoving, kicking or otherwise subjecting the complainant to physical contact, or by making any attempt or threat to do those acts.
Accordingly, the judgment adjudicating defendant a youthful offender is modified by vacating so much thereof as adjudicated him a youthful offender upon the portion of the verdict finding him guilty of harassment in the second degree, and the count of the accusatory instrument charging that offense is dismissed.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk