People v Barrios (2024 NY Slip Op 24001)

[*1]

People v Barrios

2024 NY Slip Op 24001

Decided on January 1, 2024

Criminal Court Of The City Of New York, Bronx County

Bowen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 1, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Candido Barrios, Defendant.

Docket No. CR-009828-23BX

Matthew Christ, Assistant District Attorney, Bronx County, for the People 
Grace Powell, The Bronx Defenders, for Defendant

E. Deronn Bowen, J.

Summary
1. Holding: Garrett information is automatic discovery under CPL 245.20.
2. Defendant's motion to deem invalid the People's certificates of compliance dated, respectively, July 28, August 16, September 11 and September 18, 2023, is GRANTED.
3. Defendant's motion to dismiss the information on statutory speedy trial grounds is GRANTED.
4. The remaining branches of defendant's omnibus motion are DENIED AS MOOT.
5. Sealing of this matter is ORDERED STAYED for 30 days from the date of this decision and order.
Defendant, Candido Barrios, stands charged in an information with per se driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]). Defendant was arraigned on May 8, 2023. The People served and filed a certificate of compliance (CoC) on July 28, 2023, and supplemental CoCs (SCoCs) on, respectively, August 16, September 11 and September 18, 2023. A statement of readiness (SoR) accompanied each certificate. In a branch of an omnibus motion dated November 7, 2023, defendant moves the court to invalidate these certificates.
Focusing on the third SCoC in this matter, the People had, on the date of its service and filing, September 18, 2023, shared with the defense Garrett civil lawsuit information concerning police officers (see People v Garrett, 23 NY3d 878 [2014]). The accompanying SCoC gave no explanation for the more-than-four-month delay since defendant's arraignment in making this material available to the defense. The SCoC, too, shared nothing about the People's efforts to obtain the material. The People aver in responsive papers, served and filed on December 18, 2023, in opposition to the omnibus motion, that Garrett "[l]awsuit information is in the custody and control of the New York City Law Department, . . . and is not within the custody and control of the People," and as such is not discoverable under CPL 245.20. The People proffer that their silence does not invalidate the CoC and SCoCs as the Garrett information, although provided "as a courtesy," was not discoverable. The court disagrees.
It is reasonable to infer from its nature that Garrett information likely contains or references [*2]"statements, written or recorded or summarized in any writing or recording, made by persons who have evidence or information relevant . . . to any potential defense" (CPL 245.20 [1] [e]). Equally reasonable, Garrett information may constitute or contain
"evidence and information . . . known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment" (CPL 245.20 [1] [k]).
Therefore, upon due consideration given, under a legislatively-imposed "presumption in favor of disclosure" (CPL 245.20 [7]), the court HOLDS that Garrett information is "[a]utomatic discovery" (CPL 245.20 [1]; see People v Bay, — NY3d —, 2023 NY Slip Op 06407, *5 [2023] ["In resolving questions of statutory interpretation, our primary consideration . . . is to ascertain and give effect to the intention of the Legislature. We start with the plain language of the statute"] [internal quotation marks omitted]).
As Garrett information is automatically discoverable under CPL 245.20 (1), the People were obligated to "make a diligent, good faith effort to ascertain the existence of material or information discoverable . . . and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control" (CPL 245.20 [2]). "For this reason, the People were not relieved of their obligation to disclose to the defense the [Garrett information] simply because they were not in actual possession of those items" (People v Santos, 79 Misc 3d 1233[A], 2023 NY Slip Op 50778[U], *4 [Crim Ct, Bronx County 2023]; see People v Georgiopoulos, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *3 [Sup Ct, Queens County 2021] ["the assertion that known discovery materials are not in their physical possession does not in any way excuse [the People's] failure to provide them"]).
"Should a defendant [assert] that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper," (Bay, 2023 NY Slip Op 06407, *7 [internal citations omitted]).
Because of the People's silence in the SCoC dated September 18, 2023, concerning whatever were their efforts to make the monthslong-delayed Garrett information available to the defense, their compliance burden, articulated in Bay, is unmet. Instead, the court is left unable to intelligently evaluate whether, "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]). Therefore, because "the prosecution fails to make [the necessary due diligence] showing the COC should be deemed improper" (Bay, 2023 NY Slip Op 06407, *7).
This conclusion is consistent with the fact that, due to the People's silence, "good faith and due diligence can't be demonstrated" respecting the certificates that preceded the SCoC (People v Markovtsii, 81 Misc 3d 225, 229 [Crim Ct, Kings 2023]), as the People did not "make a proper record permitting [ ] review of the issue" of discovery compliance (People v Rodriguez, 77 Misc 3d 23, 25 [App Term, 1st Dept 2022]). Thus, the People's SCoC silence is "fatal," not only to the validity of the SCoC dated September 18, 2023, but also to that of the certificates that predated it (Markovtsii, 81 Misc 3d at [*3]229 ["The failure to file the supplemental COC impacts the original COC because good faith and due diligence can't be demonstrated. Thus, a failure to file a supplemental COC while filing late discovery will invalidate the COC. In sum a failure to file a supplemental COC is fatal and will inevitably invalidate the COC."]).[FN1]
Accordingly, the branch of the omnibus motion seeking invalidation of the CoC and SCoCs dated on or before September 18, 2023, is GRANTED.
"The legislature tethered the People's CPL article 245 discovery obligations to CPL 30.30's speedy trial requirements, through both the enactment of CPL 245.50 (3) and amendments to CPL 30.30 itself" (Bay, 2023 NY Slip Op 06407, *2; see CPL 30.30 [5] ["Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20 of this chapter"]; CPL 245.50 [3] ["the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper [CoC]"]). Thereby, the "New York State Legislature crafted a compulsory interplay between the discovery and speedy trial statutes whereby the People must first verify that they have fulfilled their obligations in satisfaction of the former (via a valid CoC) before they may declare themselves ready to proceed to trial pursuant to the latter (via a valid SoR)" (People v Diallo, 78 Misc 3d 1218[A], 2023 NY Slip Op 50255[U], *3 [Crim Ct, Bronx County 2023]).
The invalidity of the CoC and SCoCs served and filed in this matter on or before September 18, 2023, renders illusory the SoRs that accompanied them. The People's assertion in their responsive papers, that the SoRs should not be deemed illusory because "defense counsel has failed to show that defendant suffered any prejudice," is rejected. "Contrary to the People's contentions, a defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations" (Bay, 2023 NY Slip Op 06407, *2).
At minimum, all time from the day after defendant's May 8, 2023, arraignment (see General Construction Law § 20; People v Stiles, 70 NY2d 765, 767 [1987]) to, and including, the September 18, 2023, service and filing of the silent SCoC (see General Construction Law § 20; People v DiMeglio, 294 AD2d 239, 239-240 [2002]), is chargeable. This 134-day time period is beyond the People's 90-day statutory "clock" (see CPL 30.30 [1] [b]). Accordingly, the branch of the omnibus motion seeking dismissal of the information on statutory speedy trial grounds is GRANTED.
The other points of the dismissal branch, as well as all other branches, of the omnibus motion are academic and are DENIED AS MOOT. The court STAYS SEALING of this matter for 30 days from the date of publication of this decision and order (see CPL 160.50). Before concluding, however, the court would like share some observations about the scope of its Garrett holding and of the discovery statute more broadly.
The court does not conclude that Garrett information is automatically discoverable under CPL 245.20 (1) lightly. The court is in no way blind to the fact that Garrett information can often be extremely considerable in terms of volume, time, effort and cost to procure. Nevertheless, the court does reach this conclusion easily, as "[t]he State Legislature made crystal clear its intent concerning the treatment of purported discovery in the black letter of the law itself: 'There shall be a presumption in favor of disclosure when interpreting [CPL 245.20 (1)]' " (People v Vallejo, — Misc 3d —, 2023 NY Slip Op 23394 [Crim Ct, Bronx County 2023], quoting CPL 245.20 [7]). Moreover, what constitutes "[a]utomatic discovery . . . includ[es] but is not limited to" the 21 categories delineated in the discovery statute (CPL 245.20 [1]). "In the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning" (Bay, 2023 NY Slip Op 06407, at *5). The "commonly understood meaning[s]" of the words chosen by the State Legislature in comprising sections (1) (e), (1) (k) and (7) of CPL 245.20 makes plain that "disclosure is not limited to items contained within these categories and thus incumbers the prosecution with a greater discovery burden" (People v. Preston, 70 Misc 3d 355, 357 [Cohoes City Court 2020] [internal citation omitted]). Therefore, Garrett information is automatically discoverable under CPL 245.20 (1) by statutory design; the court is not empowered to disregard this result.
That Garrett information may be widely publicly available — as the People claim in their responsive papers here — does not affect its automatic discoverability under CPL 245.20 (1). Yet, such a circumstance may serve to rebut the legal presumption and constitute "good cause" for the Garrett information — as with any discovery — to "be denied, restricted, conditioned or deferred, . . . as is appropriate" (CPL 245.70 [1]). Here, however, the People made no such CPL 245.70 (1) protective order request during the discovery compliance phase of the proceedings. The court declines the People's invitation to now grant what is effectively a motion for a nunc pro tunc protective order over this Garrett information.
That Garrett information is automatically discoverable in no way means that Article 245 requires the People to play Where's Waldo with every bit of anything potentially Garrett that could possibly exist for each and every law enforcement officer connected in even the most tangential of ways to the criminal matter. With Garrett information — as with all automatic discovery — the People's discovery obligation is clear; they must "make a diligent, good faith effort to . . . cause [discovery] to be made available . . . where it exists but is not within the prosecutor's possession" (CPL 245.20 [2] [emphasis added]). Whether the means, mechanisms or methodologies by which the People make discovery available to the defense are "sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (Bay, NY Slip Op 06407, *6). The court is prevented by the People's silence from making such a fact-specific determination in the instant matter, thereby, as already explained, dooming any chance for a finding of CoC validity.
Additionally, it the parties are statutorily expected to "diligently confer to attempt to reach an accommodation as to any dispute concerning discovery prior to seeking a ruling from the court" (CPL 245.35 [1] [emphasis added]).[FN2]
Defense counsel should most certainly leverage Article 245 as designed, i.e., as a "shield" meant to provide each criminal defendant with access to material that allows for more well-informed choices about and concerning the respective case than generally was possible under the [*4]predecessor Article 240. Article 245 is not intended for use as a "sword," whereby assistant district attorneys are expected to run themselves ragged in at times futile or near-futile attempts to procure material in which defense counsel has no substantive interest beyond exhausting the People's statutory speedy trial time or hoping that the People, in frustration, opt to abandon the prosecution. 
This "shield, not sword" point of view is reinforced by the Rules of Professional Conduct. Members of the criminal defense bar, like all New York-barred lawyers, have an ethical duty to "act with reasonable diligence and promptness in representing a client" (Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.3 [a]); "not neglect a legal matter entrusted to the lawyer" (id. rule 1.3 [b]); "not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense" (id. rule 3.2); and "not . . . knowingly engage in . . . conduct contrary to these Rules" (id. rule 3.4). In those situations where defense counsel cannot in good faith envision particularly difficult-to-obtain discoverable material actually being of some moment to the defense of the criminal matter, counsel may well have an obligation under both CPL 245.35 (1) and the Rules of Professional Conduct to make a reasonable accommodation regarding that material. At minimum, counsel must not make discovery demands with the specific intent of merely prolonging proceedings in the hope of a later CPL 30.30 victory or causing the People needless expense in time, labor and cost. On the other hand, where defense counsel reasonably believes discoverable material to be critical to the defense, counsel has an affirmative duty to research, interview and investigate on their own. Doing nothing under the guise of "it's the People's duty to get discovery" may well, in some circumstances, violate the Rules of Professional Conduct.
The People, on the other hand, must not treat defense counsel's accommodation obligation as an excuse to shirk their own extensive and expansive statutory discovery obligations. In sum, when analyzing any discovery disagreement between the parties the central, overarching standard is reasonableness. "[G]ood faith, due diligence, and reasonableness under the circumstances are the touchstones by which [discovery disagreements] must be evaluated" (People v Rodriguez, 73 Misc 3d 411, 417 [Sup. Ct., Queens County 2021]), under, it must not be forgotten, a presumption of discoverability.
Thusly shall the court continue in its work in the New Year, adjudicating the never-ending deluge of impending discovery battles, while endeavoring to keep its head above the tide of awaiting discovery conferences and CoC-invalidation motions. This ongoing experience leads the court to conclude that our admittedly adversarial criminal justice system could benefit greatly from prosecutors and defense attorneys, as a general matter, treating one another with much greater reasonableness and good faith accommodation when addressing discovery matters. The court invites the prosecution and defense bars — as we begin the fifth year since, "[i]n 2019, the New York State Legislature enacted sweeping reforms that expanded and restructured disclosure obligations in criminal cases, effective at the start of 2020" (Bay, 2023 NY Slip Op 06407, *1) — to resolve and reaffirm that they will make shared, good-faith attempts to approach discovery conferencing, both privately (see CPL 245.35 [1]) and before the courts (see CPL 245.35 [2]), in the spirit of reasonableness and accommodation. Happy New Year to us all.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: January 1, 2024
Bronx, New York
E. Deronn Bowen, J.C.C.

Footnotes

Footnote 1: People v Markovtsii (81 Misc 3d 225 [Crim Ct, Kings 2023]) addresses the negative consequences of failing to file a supplemental certificate of compliance (SCoC) when additional discovery is disclosed. Not filing an SCoC, the Markovtsii court explained, "impacts the original COC because good faith and due diligence can't be demonstrated. Thus, a failure to file a supplemental COC while filing late discovery will invalidate the COC" (id. at 229).

Although an SCoC was filed in the instant matter, the situation here is analogous to that in Markovtsii. The People's silence here no more satisfied their "burden of establishing . . . due diligence" (People v Bay, — NY3d —, 2023 NY Slip Op 06407, *7 [2023]), than if, like in Markovtsii, no SCoC were filed at all.

Footnote 2: The court wishes to make absolutely clear that its general admonishments to the criminal prosecution and defense bars is in no way meant to imply that the prosecution or the defense in this matter has been conducted by respective counsel in any way less than ethically.