People v Miles (2024 NY Slip Op 50183(U))

[*1]

People v Miles

2024 NY Slip Op 50183(U)

Decided on February 27, 2024

Criminal Court Of The City Of New York, Bronx County

Bowen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Randy Miles, Defendant.

Docket No. CR-015916-23BX

Jennifer Rentrope, Assistant District Attorney, Bronx County, for the People 
Weronica Bzura, The Bronx Defenders, for Defendant

E. Deronn Bowen, J.

Summary
1. The defense motion to deem invalid the certificates of compliance served and filed in this matter on or before October 11, 2023, is DENIED.
2. The defense motion to dismiss the information on statutory speedy trial grounds is DENIED.
3. The People are ORDERED to serve and file a supplemental certificate of compliance and/or protective order motion in accordance with this decision and order. The People are GRANTED 10 excludable days to comply with the discovery compliance order.
4. The defense motion to suppress the fruits of defendant's observation, seizure and arrest is GRANTED to the extent of ORDERING the following pre-trial hearings: Wade/Rodriguez.
5. Sandoval/Molineux motions are RESERVED to the trial court for resolution.
6. The parties are reminded of their continuing discovery obligations.
I. Introduction and Background
Defendant, Randy Miles, stands charged in an information with assault in the second degree (Penal Law § 120.00 [1]); criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]); endangering the welfare of a child (Penal Law § 260.10 [1]); attempted assault in the second degree (Penal Law §§ 110.00, 120.00 [1]); and two counts of harassment in the second degree (Penal Law § 240.26 [1]). The People served and filed a certificate of compliance (CoC) on October 10, 2023, and a supplemental CoC (SCoC) the next day, October 11, 2023. A statement of readiness (SoR) was served and filed alongside each certificate.
II. The Defense Omnibus Motion
A. Discovery Compliance and Statutory Speedy Trial Branches
In a branch of an omnibus motion dated January 8, 2024, defendant submits that the CoC and SCoC are both invalid due to alleged "untimely and outstanding discovery [that] includes, but is not limited to: (1) information regarding [a now-dismissed criminal case against the [*2]complainant in the instant matter][FN1]
. . . ; (2) witness list . . . ; and (3) medical records for the [complainant]."
Preliminarily, it is of no moment to the court that defendant's discovery grievances are "not limited to" the three categories specified in the omnibus motion. The discovery statute has no such catchall provision, and the court's duties do not include serving as private eye, rooting out possible discovery violations without substantive guidance from the party seeking relief. The court, therefore, restricts its analysis to these three categories. Any purported discovery noncompliance by the People, actually or constructively known to the defense as of the January 8, 2024, service and filing of the omnibus motion, that defendant failed, or elected not, to submit to the court therein, is DEEMED WAIVED.
"Should a defendant [allege] that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper" (People v Bay, — NY3d &mdash, 2023 NY Slip Op 06407, *7 [internal citations omitted]).
The court will evaluate, based upon the standard articulated in Bay, each defense discovery compliance objection against the People's respective counter-explanations and arguments presented in responsive papers served and filed January 30, 2024.
1. Point 1: The Complainant's Criminal Case
Regarding the now-dismissed Bronx County criminal case against the complainant, defendant alleges, and the People do not dispute, that the complainant was charged with assaulting and harassing defendant's daughter. The People also do not dispute that material concerning the complainant's criminal case related to the instant prosecution is discoverable (see CPL 245.20 [1] [q]). Quite the opposite, the People disclosed to the defense in the CoC that a desk appearance ticket was issued to the complainant, as well as the arrest number for the case, the charged offenses and the arraignment date therefor. The People state in their responsive papers that they, "in good faith, believed [that the identifying information given in the CoC] was all the People were required to provide." The court bifurcates its Article 245 analysis to address separately the People's discovery obligations respecting the court file for the complainant's criminal case and their obligations respecting their own prosecution file for the same.
a. The People's Discovery Compliance Respecting the Court File for the Complainant's Criminal Case
The court observed recently that
"with all automatic discovery [ ] the People's discovery obligation is clear; they must 'make a diligent, good faith effort to . . . cause [discovery] to be made available . . . where it exists but is not within the prosecutor's possession.' Whether the means, mechanisms or methodologies by which the People make discovery available to the defense are 'sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented' " (People v Barrios, — Misc 3d &mdash, 2024 NY Slip Op 24001, *4 [Crim Ct, Bronx County 2024], first [*3]quoting CPL 245.20 [2] [emphasis added], second quoting Bay, NY Slip Op 06407, *6).
The court file for the complainant's criminal case presumably contains information — discoverable or not — of interest to the defense here. The court file was (also presumably) publicly available prior to the January 23, 2024, dismissal and sealing of that case (see generally CPL 160.50). Clearly, the People never possessed the court file. The People did, however, make it available to the defense by providing identifying information in the CoC approximately 3½ months before that case was dismissed. In fact, after filing the instant omnibus motion, defendant still had approximately two weeks to review the court file before dismissal and sealing took place. If there was any defense inaction on the discovery information the People provided, that does not constitute a discovery violation by the People. The court thus finds no cause, respecting the court file for the complainant's criminal case, to invalidate the CoC and SCoC.
b. The People's Discovery Compliance Respecting the Prosecution File for the Complainant's Criminal Case
Although the People never possessed the court file for the complainant's criminal case, they certainly have always been in possession of their own prosecution file for the same. This distinction is important. Paired with the People's due diligence discovery obligation is a separate but equally important duty of good faith (see Bay, 2023 NY Slip Op 06407, *5 ["while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence"]). Thus, the People's due diligence obligation to "cause [discovery] to be made available" (CPL 245.20 [2]) is yoked to a good-faith obligation to ensure that discovery is made reasonablyavailable. The court noted recently that the defense may not wield the discovery statute to force "the People to play Where's Waldo with every bit of anything potentially [automatically discoverable] . . . connected in even the most tangential of ways to the criminal matter" (Barrios, 2024 NY Slip Op 24001, *3). Similarly, the People may not set the defense out on a needless Where's Waldo hunting expedition for discovery that is already in the People's possession.
On the other hand, the People's basis for withholding of the prosecution file was an incorrect conflation of their discovery obligation respecting the prosecution file (in the People's possession) into their discovery obligation respecting the unpossessed court file. Where, as here, disagreement exists between the parties regarding the discoverability of material, it is statutorily permissible for
"[p]ortions of materials claimed to be non-discoverable [to] be withheld pending a determination and ruling of the court . . . but the defendant shall be notified in writing that information has not been disclosed . . . , and the discoverable portions of such materials shall be disclosed to the extent practicable" (CPL 245.10 [1] [a] [iv] [A]).
That is effectively what occurred here with the prosecution file. The People disclosed identifying information for the concededly discoverable court file but withheld the prosecution file "pending a determination and ruling of the court" (id.), which is now being made.
In any event, the People's failure to turn over discoverable material in the prosecution file, even if treated as a discovery compliance violation, is not necessarily reflective of a lack of due diligence or an intentional act of bad faith requiring invalidation of the CoC or SCoC (see CPL 245.50 [1] ["No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances"]; Bay, 2023 NY Slip Op 06407, *5 ["the original COC [ ] is not impacted so long as it was filed in good faith and after exercising due diligence"]). Here, (1) the People exercised good faith and due diligence in making available to the defense the court file for the complainant's criminal [*4]case; (2) the defense points out only three total points of discovery contention as compared with the wide swath of discoverable material defendant does not contest was diligently and in good faith made available (see Bay, 2023 NY Slip Op 06407, *6 ["relevant factors for assessing due diligence . . . [include] the volume of discovery provided and outstanding"]; and (3) "the People, on the whole, demonstrated due diligence — and at times quite dogged determination," and thus good faith — "in procuring [other] discoverable material" (People v Vaillant, 80 Misc 3d 856, 870 [Crim Ct, Bronx County 2023]; see post [the complainant's medical records]). Consequently, the court finds on the facts at bar that any errors by the People respecting the prosecution file for the complainant's criminal case are insufficient causes to invalidate the CoC and SCoC.
c. The People's Outstanding Discovery Compliance Obligation
The People timely complied with their discovery obligation respecting the court file for the complainant's criminal case; they have no outstanding discovery responsibility thereto. The People do need to come into compliance with their discovery obligation respecting the prosecution file by submitting to the defense all discoverable material contained therein. A so-ordered subpoena is likely needed for the now-dismissed-and-sealed case (see CPL 160.50 [1] [c]). Usually, "the prosecutor shall not be required to obtain by subpoena duces tecum material for which the defendant may thereby obtain" (CPL 245.20 [2]). The People, however, should have disclosed to the defense discoverable material in the prosecution file well before the complainant's criminal case was dismissed. The People may not now rely upon the statutory exception to avoid this outstanding discovery compliance obligation.
Accordingly, the People are ORDERED to turn over to the defense all discoverable material contained in the prosecution file for the complainant's criminal case.[FN2]
The People are GRANTED 10 excludable days from the date of this decision and order to file an SCoC in accordance therewith (see CPL 245.35 [3]), and/or to move for a protective order if appropriate (see CPL 245.70 [1], [2]).[FN3]

2. Point 2: The People's Witness List
Defendant alleges cursorily in the omnibus motion that he is "missing [a] witness list, [ ] contact information for witnesses, [and the] designation of witnesses." A cursory review of the CoC confirms, however, the People's responsive rebuttal that they "provided a witness list in the [CoC]. The complainant is listed in the [CoC] along with the complainant's phone number. We also listed . . . [the] testifying officer in the Certificate of Compliance." The court therefore rejects defendant's unsupported discovery noncompliance claims respecting the People's witness list.
3. Point 3: The Complainant's Medical Records
The People detail in their responsive papers the work done to obtain the complainant's concededly discoverable medical records, including obtaining a signed HIPAA release from the complainant; serving a subpoena upon the appropriate hospital, along with the HIPAA release; speaking with a hospital representative when the records were not received; and contacting an outside vender when directed by the hospital representative to do so. It was only after conferring with the outside vendor that the People, on November 21, 2023, learned that "the HIP[A]A [ ] was incorrectly dated by the complainant, and a new HIP[A]A was required to obtain the medical records."
The same day, November 21, 2023, the People informed the complainant's counsel of this error, and the next day, November 22, 2023, "the People sent defense counsel [ ] the updated corrected HIP[A]A for her client to sign." The complainant's counsel demanded additional concessions from the People in exchange for the complainant's HIPAA release signature. Negotiations fell through, and the complainant did not sign the HIPAA release at that time. It was not until after the criminal court case against the complainant was dismissed on January 23, 2024, and the attorney-client relationship was severed, that the People were able to speak with, and procure a corrected and signed HIPAA release, from the complainant. The People received the medical records from the hospital vendor on January 26, 2024, and disclosed them to the defense the next day, January 27, 2024.[FN4]

"There is no rule of 'strict liability'; that is, the [discovery] statute does not require or anticipate a 'perfect prosecutor' " (Bay, NY Slip Op 06407, *2; see Vaillant, 80 Misc 3d at 870 ["flawless perfection is not the proper standard against which to judge the People's discovery compliance"]). The court finds, neither in defendant's arguments nor the court record, anything to suggest that the People acted with anything other than good faith and due diligence to obtain the complainant's discoverable medical records. The court sees no basis to invalidate the CoC or SCoC due to the delayed receipt of the complainant's medical records (see CPL 245.50 [1] ["No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances"]).
4. The People's Discovery Compliance and the Speedy Trial Statute
In sum, contrary to the defense averments, the People have met their "burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC [and later SCoC] despite a belated or missing disclosure" (Bay, NY Slip Op 06407, *7). Accordingly, the branch of the defense omnibus motion seeking invalidation of the CoC and SCoC served and filed as of October 11, 2023, is DENIED, and the certificates are DEEMED VALID. As the correlated branch of the omnibus motion, seeking dismissal of the information on statutory speedy trial grounds, hinges upon a finding of discovery noncompliance which is not to be had, it, too, is DENIED.
B. The Remaining Branches of the Defense Omnibus Motion
The branch of the omnibus motion seeking suppression of the fruits of defendant's observation, seizure and arrest is GRANTED to the extent of ORDERING the following hearings: Wade/Rodriguez. All other branches of defendant's omnibus motion seeking [*5]suppression or, alternatively, hearings are DENIED as duplicative of hearing requests by defendant herein granted or unsupported by defendant's arguments or the record. In particular, the court notes that a Dunaway hearing is not granted as defendant neither requests one nor presents sufficient grounds therefor.
Sandoval and Molineux motions are RESERVED to the trial court for resolution (see People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). All other branches of the defense omnibus motion have been reviewed and are DENIED as redundant of motions decided herein, duplicative of applicable statutory or constitutional guidelines, or unsupported by defendant's arguments and the record. The People are reminded of their continuing discovery, Brady and Giglio obligations (see CPL art 245; Giglio v US, 405 US 150 [1972]; Brady v Maryland, 373 US 83 [1963]). The defense, too, is reminded of its discovery obligations (see CPL 245.20 [4]; 245.50 [2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: February 27, 2024
Bronx, New York
E. Deronn Bowen, J.C.C.

Footnotes

Footnote 1:
 On January 23, 2024, the criminal case against the complainant was dismissed and sealed on the People's motion.

Footnote 2:Discoverable information in the prosecutor's file for the complainant's now-dismissed criminal case, that is also contained in the court file that the People timely made available to the defense, must nevertheless be turned over to the defense, as the People must "disclose[ ] . . . all known material and information subject to discovery" in their possession (CPL 245.50 [1] [emphasis added]).

Footnote 3:If the People do not comply with this discovery compliance order by the expiration of the 10-day-excludable period, the following is ORDERED: The instant proceedings are reverted to the discovery compliance phase, and statutory speedy trial time is charged until the People are in compliance with this order. The parties are ORDERED to contact the court if either believes this provision to have been triggered.

Footnote 4:The People also served and filed a supplemental certificate of compliance (SCoC) on January 27, 2024, while the instant matter was in the midst of motion practice. This second SCoC is not presently a subject of dispute, and the court takes no position as to its validity.