People v Onyekuru (2024 NY Slip Op 50188(U))

[*1]

People v Onyekuru

2024 NY Slip Op 50188(U)

Decided on February 27, 2024

Criminal Court Of The City Of New York, Bronx County

Bowen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Chinwe Onyekuru, Defendant.

Docket No. CR-015042-23BX

Zachary Reid, Assistant District Attorney, Bronx County, for the People 
Weronika Bzura, The Bronx Defenders, for Defendant

E. Deronn Bowen, J.

Summary
1. The defense motion to deem invalid the People's certificate of compliance dated September 6, 2023, is GRANTED.
2. The defense motion to dismiss the information on statutory speedy trial grounds is DENIED as 84 days are chargeable against the People's 90-day "speedy trial clock."
3. The People are ORDERED to serve and file a supplemental certificate of compliance and/or protective order motion in accordance with this decision and order. The People are GRANTED 10 excludable days to comply with the discovery compliance order.
4. The defense motion to suppress the fruits of defendant's observation, seizure and arrest is GRANTED to the extent of ORDERING the following pre-trial hearings: Wade/Rodriguez.
5. Sandoval/Molineux motions are RESERVED to the trial court for resolution.
6. The parties are reminded of their continuing discovery obligations.
Defendant, Chinwe Onyekuru, stands charged in an information with menacing in the second degree (Penal Law § 120.14 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). He was arraigned on, July 11, 2023. Defendant served and filed an omnibus motion on November 17, 2023; the People served and filed responsive papers in opposition thereto on December 18, 2023. In two related branches of the omnibus motion defendant seeks, respectively, invalidation of the sole certificate of compliance (CoC) served and filed by the People on September 6, 2023, and dismissal of the information on statutory speedy trial grounds.
The defense invalidation/dismissal motion centers about Giglio material (see Giglio v United States, 405 US 150 [1972]), namely, three NYPD Internal Affairs Bureau (IAB) logs for named police officer, R.B. The defense maintains that
"the prosecution had not provided all discovery as required by C.P.L. § 245.20(1) when it [*2]filed its COC on September 6, 2023. The untimely and outstanding discovery includes three IAB Logs for [Officer R.B.].[FN1]Two of the three missing IAB Logs were disclosed on October 18, 2023, well after the filing of the September 6, 2023, Certificate of Compliance. One of the three IAB Logs remains outstanding. As a result, the September 6, 2023, COC was illusory and invalid."
The People respond that, after designating Officer R.B. a "testifying witness," the assigned ADA on July 24, 2023, requested the officer's Giglio material from the Discovery Compliance Bureau (DCB).[FN2]
,[FN3]
A little over two weeks later, on August 9, 2023, the assigned ADA "followed up with the DCB" and the next day, August 10th, "was provided with initial Giglio materials for Officer[ ] [R.B.]." Upon "later review of these materials, the assigned ADA . . . noted that there were three IAB Logs relating to Officer [R.B.] that required disclosure."
According to the People, DCB
"had initially [ ] requested [the first two IAB logs] from the NYPD on July 27, 2023 . . . [and] re-requested on August 10, 2023. . . .
On August 11, 2023, the DCB received [the first two IAB logs] from the NYPD. Due to an inadvertent error, the assigned ADA did not receive either the materials or a notice that the two logs had been provided to the [People] by the NYPD."
The People do not identify the error or its cause(s), and provide no information about how it was identified and addressed. The People provide no information about their efforts to procure the third log.
Thus, by the September 6, 2023, date of CoC service and filing, DCB (i.e., the People) had been in possession of two of the three IAB logs for nearly a month. The assigned ADA (i.e., also the People) was uninformed, so had not yet turned them over to the defense. The third IAB log had yet to be received from the NYPD. The People did also on September 6, 2023, serve and file a statement of readiness (SoR) and serve a Giglio letter upon the defense which included extremely brief, narrative summaries for each of the three IAB logs.
Then, a bit of a twist, as the People explain in their responsive papers:
"On September 12, 2023, the assigned ADA requested and received Giglio materials for Officer[ ] [R.B.] on an unrelated case. Contained within those materials were [the first and third IAB logs]. However, the assigned ADA did not make the connection that those IAB Logs were the same IAB Logs that were outstanding in the instant matter. The standard practice of the DCB is to provide materials for each criminal case when they are requested by an ADA, and because the assigned ADA only received the materials for the unrelated case, the assigned ADA did not realize that the IAB Logs were applicable to both matters."[FN4]
On October 4, 2023, before the court, defendant objected orally to the CoC being deemed valid, as "the CoC states that there are IAB logs missing." The court adjourned the matter for the parties to conference on any remaining discovery issues (see CPL 245.35 [1]). During the conferencing period, the parties informed the court (see CPL 245.35 [2]) that additional conferencing was unnecessary as their remaining contentions would best be addressed in motion papers. An omnibus motion schedule was set. Upon review of the defense omnibus motion, the People's responsive papers, the defense subsequent reply papers dated January 10, 2024, as well as all respective attachments thereto, and the court record, the court decides as follows:
"Should a defendant [assert] that the People failed to exercise due diligence and therefore [*3]improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper," (People v Bay, — NY3d —, 2023 NY Slip Op 06407, *7 [internal citations omitted]).
It is uncontested that the three IAB logs are "related to the prosecution of [the instant matter and are] in the possession of [the NYPD]" (CPL 245.20 [2]). Therefore, these IAB logs "shall be deemed to be in the possession of the prosecution" (id.; see generally People v Chimborazo, 81 Misc 3d 442 [Crim Ct, Bronx County 2023]). Yet, the People provide the court with, at best, vague, unilluminating statements concerning their admitted delays, errors and missteps in making available to the defense these logs — two of which were in the People's actual possession prior to the service and filing of the CoC and all of which have been in the People's constructive possession by legislative command since defendant's arraignment.
"Because of the People's silence . . . concerning whatever were their efforts to make the monthslong-delayed [IAB logs] available to the defense, their compliance burden, articulated in Bay, is unmet. The court is left unable to intelligently evaluate whether, 'after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery' " (People v Barrios, — Misc 3d —, 2024 NY Slip Op 24001, *2 [Crim Ct, Bronx County 2024], quoting CPL 245.50 [1]; see People v Rodriguez, 77 Misc 3d 23, 25 [App Term, 1st Dept 2022] [the People did not "make a proper record permitting [ ] review of the issue" of discovery compliance]).
The People fail to carry their burden of establishing due diligence respecting the three IAB logs at issue. Accordingly, the court GRANTS defendant's motion and DEEMS INVALID the lone CoC served and filed in this matter. As the CoC is invalid, the SoR served and filed alongside it is DEEMED ILLUSORY (see CPL 30.30 [5] ["Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20 of this chapter"]; CPL 245.50 [3] ["the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper [CoC]"]). Therefore, all time from the day after defendant's July 11, 2023, arraignment (see General Construction Law § 20; People v Stiles, 70 NY2d 765, 767 [1987]) to, and including, October 4, 2023 (see General Construction Law § 20; People v DiMeglio, 294 AD2d 239, 239-240 [2002]), is chargeable. The time period from October 4, 2023, to the date of publication of this decision and order is excludable due to court-ordered discovery conferencing and motion practice (see CPL 30.30 [4] [a]). Therefore, a total of 84 days are chargeable, which is less than the People's 90-day statutory "clock" (see CPL 30.30 [1] [b]). Accordingly, the branch of the omnibus motion seeking dismissal of the information on statutory speedy trial grounds is DENIED.
The People are ORDERED to fully comply with their discovery obligations appertaining to the three IAB logs for named Officer R.B. and to serve and file a proper supplemental CoC (SCoC) to that effect. The People are GRANTED 10 excludable days from the date of this decision and order to file an SCoC in accordance therewith (see CPL 245.35 [3]) and/or to move [*4]for a protective order if appropriate (see CPL 245.70 [1], [2]).[FN5]

The branch of the omnibus motion seeking suppression of the fruits of defendant's observation, seizure and arrest is GRANTED to the extent of ORDERING the following hearings: Wadei>/Rodriguez. All other branches of defendant's omnibus motion seeking suppression or, alternatively, hearings are DENIED as duplicative of hearing requests by defendant herein granted or unsupported by defendant's arguments or the record. In particular, the court notes that a Dunaway hearing is not granted as defendant neither requests one nor presents sufficient grounds therefor.
Sandoval and Molineux motions are RESERVED to the trial court for resolution (see People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). All other branches of the defense omnibus motion have been reviewed and are DENIED as redundant of motions decided herein, duplicative of applicable statutory or constitutional guidelines, or unsupported by defendant's arguments and the record. The People are reminded of their continuing discovery, Brady and Giglio obligations (see CPL art 245; Giglio v US, 405 US 150 [1972]; Brady v Maryland, 373 US 83 [1963]). The defense, too, is reminded of its discovery obligations (see CPL 245.20 [4]; 245.50 [2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: February 27, 2024
Bronx, New York
E. Deronn Bowen, J.C.C.

Footnotes

Footnote 1:Defendant implies that his discovery concerns may lie beyond the three IAB logs for the named NYPD police officer. The court's words in People v Miles (— Misc 3d —, 2024 NY Slip Op ___ [Crim Ct, Bronx County 2024]) are apropos to this situation:
 "[I]t is of no moment to the court that defendant's discovery grievances are "not limited to" the three [IAB logs] specified in the omnibus motion. The discovery statute has no such catchall provision, and the court's duties do not include serving as private eye, rooting out possible discovery violations without substantive guidance from the party seeking relief. The court, therefore, restricts its analysis to these three [IAB logs]. Any purported discovery noncompliance by the People, actually or constructively known to the defense as of the [November 17, 2023], service and filing of the omnibus motion, that defendant failed, or elected not, to submit to the court therein, is DEEMED WAIVED." (id. at 3 [internal quotation marks omitted]).

Footnote 2:The People are telescoping a legal proposition that, if a police officer is not designated by them as "testifying" then that officer's Giglio material is per se not discoverable. The court disagrees (see People v Tavares, — Misc 3d —, 2024 NY Slip Op 50156[U], *2 [Crim Ct, Bronx County 2024] ["The court rejects the People's claim that Giglio material for non-testifying police officers is per se not automatically discoverable under CPL 245.20 (1)"]; People v Peralta, 79 Misc 3d 945, 953 [Crim Ct, Bronx County 2023] ["It is not magical reasoning to perceive that Giglio disclosures could be of significant consequence to negate a defendant's guilt, provide a basis to suppress evidence, or support a potential defense even if the prosecution decided not to call the officer in question as a witness"]; People v Jackson, 79 Misc 3d 832, 840 [Crim Ct, NY County 2023] ["[T]he [non-testifying] lieutenant was integral to the investigation and arrest of defendant, and the [Giglio material] includes serious allegations that could bear on the lieutenant's conduct in defendant's arrest and the overall investigation of this case. Accordingly, underlying records concerning the lieutenant's misconduct could tend to negate defendant's guilt or support a potential defense"]; Matter of E.S., 79 Misc 3d 681, 686 [Family Ct, NY County 2023] ["limiting the disclosure obligation in the manner advocated by the presentment agency would allow the presentment agency to avoid disclosure of disciplinary records for officers who participated in an arrest, collected evidence and witness statements, or were otherwise assigned to a case, simply by declining to call those officers to testify"]).

Footnote 3:According to the People, the Discovery Compliance Bureau "is a team within the Office of the Bronx County District Attorney that coordinates the collection and management of Giglio materials for New York City Police Department officers."

Footnote 4:The People do not explain in their responsive papers why IAB logs, each with a unique identification number, are not stored by the People as they are received from the NYPD. When the logs again need to be turned over to the defense in future prosecutions involving same police officers, as will all but inevitably be the case, it can be done without having to go through the unnecessary and time-consuming process of re-requesting the logs from the NYPD. This would greatly lessen the DCB workload and the burden on the NYPD. As the People note in the certificate of compliance, "due to the volume of requests received by NYPD . . . and the lack of resources to meet the demands, we have been informed by NYPD . . . that they have not yet completed their search." Why, then, so much needless search redundancy?

Something similar can also be asked of the defense bar. Suppose defense counsel is already in actual or constructive possession of an IAB log due to, say, a concurrent representation by that counsel or another in the same office. Could such a fact conceivably constitute good cause to restrict or deny that log in the instant matter (see CPL 245.70 [1])?

Footnote 5:If the People do not comply with this discovery compliance order by the expiration of the 10-day-excludable period, the following is ORDERED: The instant proceedings are reverted to the discovery compliance phase, and statutory speedy trial time is charged until the People are in compliance with this order. The parties are ORDERED to contact the court if either believes this provision to have been triggered.