OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be affirmed.
The Appellate Term correctly excluded the first day of the statutory period in determining whether dismissal is required under CPL 30.30. That statute provides that the People must be ready for trial within fixed periods of time from the "commencement of a criminal action” (CPL 30.30 [1]; see also, CPL 30.30 [5]). Although the statute specifies the event which begins the running of the statutory period, it does not indicate whether the first day is to be included or excluded in making the computation. It was therefore appropriate for the court below to apply General Construction Law § 20 which states: "In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning.”
This construction is also consistent with prior decisions of this court where, although not in issue, this first-day exclusion has been the accepted practice in making the computations required by the very statute at issue, CPL 30.30 (see, e.g., People v Anderson, 66 NY2d 529; People v Sturgis, 38 NY2d 625).
In People ex rel. Neufeld v McMickens (70 NY2d 763 [decided herewith]) we have reached a different result because, as the late Justice Gibbons noted in his dissent at the Appellate Division in that case, the statute at issue there (CPL 170.70) "does not refer to measurement from a specified day or event; it refers to the period of actual custody” (117 AD2d 243, 250). Thus in that case the court erred in excluding the first day of custody from computation of the applicable period.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.