OPINION OF THE COURT
 

 ClPARICK, J.
 

 This appeal involves a motion to dismiss an indictment for the People’s failure to meet the ready-trial requirements of CPL 30.30. The chief issue presented is whether, under CPL 30.30 (5) (b), a criminal action may be deemed to commence for ready-trial purposes when a defendant “appears” at a courthouse in response to a desk appearance ticket, but an accusatory instrument has not yet been filed. We must also decide whether, when the People’s lack of readiness has necessitated an adjournment, a subsequent statement of readiness can save the People from liability for the remainder of the adjournment period.
 

 Defendant was arrested on December 23, 1992, for having fraudulently endorsed a check and making it payable to himself, and was issued a desk appearance ticket (DAT) directing him to appear in court on January 22, 1993. Defendant appeared on the return date,
 
 [1]
 
 but no accusatory instrument had yet been filed or even prepared, despite the mandate of CPL 150.50 (1), which requires police officers who have issued desk appearance tickets to file or cause to be filed an accusatory instrument at or before the return date of the DAT. Defendant was instructed to return on March 4. Defendant returned on that date, and again on April 16, when the police detective was present and signed the felony complaint. It was not filed until May 4, when defendant was finally arraigned on charges of forgery in the second degree, criminal possession of a forged instrument in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree.
 

 The People first announced their readiness for trial on July 19, but various postreadiness delays on the part of both the
 
 *437
 
 defense and the prosecution followed until defendant brought the instant motion to dismiss the indictment 15 months later on October 31, 1994. Among these postreadiness delays, at issue on this appeal is the 48-day period between January 14 and March 3, 1994. On January 14, the People were not ready for trial, but neither was defense counsel present. The case was adjourned to March 3. On January 24, the People served their notice of readiness dated January 22, and they argue that they should be charged at most only with the 10 days between January 14 and their January 24 notice of readiness.
 

 Finding a total of 214 days to be chargeable to the People, well in excess of the six months allowed on this felony complaint (CPL 30.30 [1] [a]), Supreme Court granted defendant’s motion to dismiss the indictment. Holding that the “speedy trial clock” began to run when defendant first appeared in response to the ticket on January 22, 1993, the motion court charged the entire period between January 22 and May 4 to the People. The motion court also charged the entire time between January 14 and March 3 of 1994 to the People, finding that, because the People’s notice of readiness had been dated January 22, a Saturday, the notice was not a statement of current readiness and was thus illusory.
 

 By a divided vote, the Appellate Division affirmed. The majority agreed with Supreme Court that, pursuant to the statute, the action must be deemed commenced from the date of defendant’s first actual appearance in court in response to the DAT. The dissent asserted that a criminal action may only be commenced by the filing of an accusatory instrument, and not by a mere physical appearance. As to the 48-day period, citing its decision in codefendant’s appeal in
 
 People v Anderson
 
 (231 AD2d 459), the majority held the whole time chargeable to the People. Together with several other periods not relevant on this appeal, the Appellate Division thus found a total of 219 days chargeable against the People.
 
 [2]
 
 A Justice of the Appellate Division granted the People leave to appeal to this Court. Although we agree with the Appellate Division’s decision that the “speedy trial clock” began to run from defendant’s physical
 
 *438
 
 appearance in response to the DAT, because we believe that the majority below erred in charging the entire later postreadiness 48-day period against the People, we now reverse.
 

 Generally, criminal actions are said to have “commenced” upon the filing of the first accusatory instrument
 
 (see,
 
 CPL 1.20 [16]-[17]; 100.05). However, CPL 30.30 (5) (b) provides that with regard to defendants who have been issued a DAT, “the criminal action must be
 
 deemed
 
 to have commenced on the date the defendant first appears in a local criminal court in response to the ticket” (emphasis added). The statute was enacted to create an exception to the general rule in situations where desk appearance tickets have been issued, solely for determining if a ready-trial violation has been committed due to the People’s lack of trial-readiness. The People argue that there can be no “appearance” under the statute prior to the actual filing of the accusatory instrument pursuant to CPL 150.50. However, this construction would equate the exception with the general rule, and would render section 30.30 (5) (b) superfluous.
 

 Moreover, the statute’s legislative history clearly demonstrates that the Legislature intended for the “speedy trial clock” to commence running upon the defendant’s actual physical appearance in court in response to the ticket. As originally enacted in 1972, CPL 30.30 (5) (b)
 
 deemed
 
 the criminal action commenced “on the date such appearance ticket is returnable in a local criminal court” (L 1972, ch 184, § 2), unequivocally measuring the People’s readiness period from the return date of the DAT. The statute, however, was susceptible to abuse by defendants who evaded responsibility by simply not appearing on the return date
 
 (see,
 
 Bill Jacket, L 1982, ch 109). The language employed by the bill’s framers in their memoranda in support clearly indicates that the drafters of the 1982 amendment contemplated a defendant’s physical presence in court on the appointed date as the crucial trigger of the “speedy trial clock,” as a remedy to potential abuse of the original rule which started the clock running on the return date of the DAT, regardless of whether defendant appeared
 
 (see, e.g.,
 
 NY Assembly Mem in Support of Legislation, Bill Jacket, L 1982, ch 109 [indicating that it is unfair to start clock running against prosecutor when “defendant does not
 
 come
 
 to court on the required day”] [emphasis added];
 
 see also, People v Sturgis,
 
 38 NY2d 625 [excluding, under CPL 30.30 (4) (c), delay caused by defendant’s attempt to avoid prosecution]). Thus, in its present form, CPL 30.30 (5) (b) starts the clock running against the
 
 *439
 
 People when the defendant has actually physically appeared in court in response to the DAT
 
 (see, People v Parris,
 
 79 NY2d 69, 71 [“the speedy trial clock does not begin to run until the defendant actually appears in court”];
 
 People v Velie,
 
 193 AD2d 1107;
 
 People v Brisotti,
 
 169 Misc 2d 672).
 

 Once a defendant appears in response to a DAT, the criminal action is
 
 deemed
 
 commenced for ready-trial purposes. For all other purposes, including acquisition of jurisdiction over a defendant
 
 (see,
 
 CPL 1.20 [9]), the general rule applies — the action does not commence until the filing of the accusatory instrument
 
 (see,
 
 CPL 1.20 [16], [17];
 
 People v Grant,
 
 16 NY2d 722). A court therefore may not arraign a defendant who voluntarily answers a DAT, where no accusatory instrument has been filed; nor may a court issue a warrant of arrest to secure the presence of a defendant to answer the DAT, in the absence of an accusatory instrument
 
 (see,
 
 CPL 150.60).
 

 The construction of “appearance” urged by the People, that a criminal action in this context commences for ready-trial purposes only when an accusatory instrument has been filed and the defendant comes before a Judge, would permit the prosecution to delay the proceeding at will simply by withholding the accusatory instrument. That was not the intent of the Legislature when it created the CPL 30.30 (5) (b) exception, and the People must not be permitted to avoid its duty to timely file an accusatory instrument. As the plain language of CPL 30.30 (5) (b) directs, the logical sanction for delay in filing a criminal complaint is simply to
 
 deem
 
 the criminal action commenced once the defendant has appeared in the local criminal court in compliance with the instructions contained in the DAT, solely for the purpose of calculating the time from which the prosecutor must become ready for trial.
 

 In the instant case, it is uncontested that the “speedy trial clock” began to run against the People when defendant physically appeared in court on January 22, 1993, in accordance with the instructions on the face of the desk appearance ticket. Consequently, the lower courts were correct in holding that the entire period from that date until the accusatory instrument was filed on May 4, 1993, must be charged against the People, here 102 days.
 

 We now turn to the 48-day period from January 14 to March 3, 1994. The Appellate Division found, on codefendant’s appeal
 
 (People v Anderson,
 
 231 AD2d 459,
 
 supra),
 
 this entire period chargeable against the People. It reasoned that the statement
 
 *440
 
 of readiness had no effect on the adjournment already necessitated by the People’s lack of readiness
 
 (id.,
 
 at 460 [citing
 
 People v Reid,
 
 214 AD2d 396]).
 

 In the postreadiness context, the People bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay
 
 (People v Liotta,
 
 79 NY2d 841, 843;
 
 accord, People v Collins,
 
 82 NY2d 177, 182;
 
 People v Cortes,
 
 80 NY2d 201, 215-216). In the instant case, the People were not ready on January 14, and the record is silent as to the length of adjournment sought by them. We are persuaded, however, that a notice of readiness is the kind of record commitment to proceed which satisfies the People’s duty to be ready for trial, and serves to toll the “speedy trial clock” from running for the remainder of that adjournment period.
 

 Court congestion and other administrative delays not occasioned by the People’s own laxity do not relieve the People of their duty to maintain trial readiness, which entails more than a mere empty assertion of readiness
 
 (see, People v England,
 
 84 NY2d 1, 4;
 
 People v Kendzia,
 
 64 NY2d 331, 337). Here defendant has not contested the People’s actual readiness, as reflected in the January 22 notice served on January 24.
 
 [3]
 
 Thus the courts below erred in charging the entire 48-day period against the People, as the People were responsible only for the first 10 days, from January 14 to January 24. Subtracting the remaining 38 days from the 218 days found chargeable by the Appellate Division leaves 180 days, one day less than the 181 days
 
 [4]
 
 here permitted the People.
 

 Accordingly, the People in this case not having exceeded the six months within which they were statutorily mandated to become ready for trial, the order of the Appellate Division dismissing the indictment should be reversed, defendant’s CPL 30.30 motion to dismiss the indictment denied, and the matter remitted to Supreme Court for further proceedings.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order reversed, etc.
 

 [1]
 

 . On this appeal, the People do not contest that defendant appeared in the courthouse on any of the relevant dates.
 

 [2]
 

 . Actually, the total day count charged against the People by the Appellate Division is 218. The one-day difference is apparently the result of erroneously counting the 102-day period from January 22 to May 4, 1993, as 103 days. Of course, in determining whether dismissal is required under CPL 30.30, the day which begins the running of the “speedy trial clock” is excluded from the reckoning of days
 
 (People v Stiles,
 
 70 NY2d 765, 767;
 
 see,
 
 General Construction Law § 20).
 

 [3]
 

 . In fact, defendant himself before the trial court requested that only 8 days of the relevant 48-day period be charged to the People (January 14 to January 22, the date of the notice of readiness), which suggests that he acknowledged at least implicitly the genuineness of the notice of readiness.
 

 [4]
 

 . Measured from January 22 to July 22,1993 (see,
 
 People v Cortes, supra,
 
 80 NY2d, at 207, n 3).