■ The People of the State of New York, Appellant, v Mary DiMeglio, Respondent. The People of the State of New York, Appellant, v Oba Perdue, Respondent. [743 NYS2d 83] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about February 8, 2001, which granted defendants' motions to dismiss the indictment pursuant to CPL 30.30, unanimously affirmed.

Defendants' speedy trial motions were properly granted. The felony complaint was filed on December 14, 1999 and the People were required to be ready for trial within 183 days. The People concede that the period from December 14, 1999 to January 24, 2000 is chargeable to them. They argue, however, that this time period should be measured as 40 days because the court should have excluded the last day, January 24, from its calculation since they could have hypothetically stated ready for trial on that date. This argument, for which the People cite no authority, is unavailing. General Construction Law § 20 provides that: "A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made."

In keeping with this principle of statutory construction, New York courts have consistently held that, when computing a period of days, the first day is excluded but the last day is included (*H.E. & S. Transp. Corp. v Checker Cab Sales Corp.*, 271 NY 239, 242; *People v Burgess*, 153 NY 561, 572-573; *Sugerman v Jacobs*, 160 App Div 411, 413; *see also, People v Stiles*, 70 NY2d 765 [citing General Construction Law § 20 in holding that the first day of reckoning is excludable under CPL 30.30]). Indeed, even in the instant case, the People concede the includability of the period from February 22 to March 14, 2000, a date on which they declared ready, and compute that period to be 21 days. Accordingly, the People were properly chargeable with 41 days for the period from December 14, 1999 to January 24, 2000.

The three-day period from January 24 to January 27, 2000 was properly charged to the People since there is no indication that the prosecution delayed in presenting its case or voting the indictment at the behest of defendant DiMeglio (*see, People v Anderson*, 252 AD2d 399, 400, *lv denied* 92 NY2d 1027; *People v Waring*, 206 AD2d 329, 331, *lv denied* 84 NY2d 940). The People's claim that this period should be excluded because counsel for defendant DiMeglio requested an adjournment to prepare her to testify is unpreserved as well as unsupported by the record. Accordingly, a total of 29 days was properly chargeable to the People for the period from January 24 to February 22, 2000.

The People concede that the 21-day period from February 22 to March 14, 2000 is chargeable to them. They also concede that the period between June 6 and September 5, 2000 is chargeable to them. Contrary to the People's claim, however, the period from June 6 to September 5 amounts to 91 days, not 90 days.

The court properly declined to find that a seven-day adjournment requested by the People on November 14, 2000, due to the assigned assistant's family emergency constituted "exceptional circumstances" under CPL 30.30 (3) (b). The People made no showing that it would have been onerous to reassign this simple weapon possession case, at least for purposes of the scheduled suppression hearing (*compare, People v Middlemiss*, 198 AD2d 755, *with People v Weigand-Gordon*, 138 Misc 2d 301). Moreover, the prosecutor was not ready on November 28, or on December 15. Thus, the record suggests that the People were not ready regardless of the assistant's family emergency (*see, People v Middlemiss, supra*). Accordingly, seven days were properly charged to the People.

On appeal, the People do not contest that the two-day period from December 15 to December 17 was properly charged to them. Accordingly, the court properly concluded that a total of 191 days was chargeable to the People. Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.