[944 NE2d 1127, 919 NYS2d 488]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDORE FARKAS, Appellant.

Argued January 11, 2011; decided February 22, 2011

*Meissner Kleinberg & Finkel LLP*, New York City (*Ronald M. Kleinberg, Richard A. Finkel* and *Adam Hurt* of counsel), for appellant. I. The Appellate Division erred in holding that, under CPL 30.30, time excludable from the assault-based charges of the complaint was also excludable from larceny-based charges first filed in an indictment more than 13 months later. (*People v Anderson*, 66 NY2d 529; *People v Osgood*, 52 NY2d 37; *People v Silas*, 1 Misc 3d 209; *People v Sinistaj*, 67 NY2d 236; *People v Cruz*, 111 AD2d 725, 66 NY2d 614, 67 NY2d 650; *People v Rodriguez*, 150 AD2d 265, 74 NY2d 818; *People v Colon*, 76 AD2d 805; *People v Cintron*, 161 Misc 2d 335.) II. Permitting the prosecution to apply excludable periods to the theft-related charges in the indictment would contravene the intent of CPL 30.30. (*People v Osgood*, 52 NY2d 37.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Seth M. Lieberman* and *Leonard Joblove* of counsel), for respondent. The trial court erred in dismissing the theft-related counts of the indictment. (*People v Sinistaj*, 67 NY2d 236; *People v Lomax*, 50 NY2d 351; *People v Osgood*, 52 NY2d 37; *People v Hicks*, 55 AD3d 1138; *People v Rosario*, 176 AD2d 830; *People v Fehr*, 45 AD3d 920; *People v Brickley*, 306 AD2d 551; *People v Heller*, 120 AD2d 612; *People v Cooper*, 98 NY2d 541; *People v Kendzia*, 64 NY2d 331.)

Chief Judge LIPPMAN.

The issue presented by this appeal is whether the theft-related charges in the indictment, filed over a year after the initial ac-

cusatory instrument, are barred by the speedy trial provisions of CPL 30.30. We find that they are not and therefore affirm.

Complainant was taking photographs of a construction site in the Borough Park section of Brooklyn on August 18, 2005, when he was approached by defendant. After complainant tried to walk away, defendant punched him in the face several times and took his camera. The police issued defendant a desk appearance ticket, charging him with assault in the third degree, and he appeared in Criminal Court on September 26, 2005 to answer that charge. Approximately one month later, the People filed a misdemeanor complaint charging defendant with assault in the third degree, menacing in the third degree and harassment in the second degree. A series of adjournments followed and, during that period, the People answered ready for trial. On November 8, 2006, the People filed an indictment, also based on the August 18, 2005 incident, charging defendant with robbery in the first, second and third degrees, petit larceny, assault in the second and third degrees, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and menacing in the third degree. The People filed a statement of readiness for trial the same day.

Defendant moved to dismiss the theft-related counts in the indictment on CPL 30.30 speedy trial grounds, arguing that the time began accruing for speedy trial purposes when defendant appeared on the desk appearance ticket, but that all delay in pursuing the indictment was solely attributable to the People. Supreme Court found no speedy trial violation as to the assault-related counts, but dismissed the theft-related counts on the basis urged by defendant, finding that the new, more serious charges were too much of a departure from the original charges.

The Appellate Division reversed the Supreme Court order, insofar as appealed from, and reinstated the theft-related counts of the indictment (65 AD3d 700 [2d Dept 2009]). The Court found that the excludable time and the People's statement of readiness should also be applied to the theft-related charges, since those charges were based on the same incident, and some of the same acts, charged in the prior accusatory instrument. The Court therefore found the People were timely ready to proceed with all charges in the indictment. A Judge of this Court granted defendant leave to appeal (14 NY3d 770 [2010]) and we now affirm.

Criminal Procedure Law § 30.30, the speedy trial statute, sets forth the time frame, beginning with the commencement of the action, within which the People must answer ready for trial and specifies certain periods of time that must be excluded from the calculation of the People's readiness time (CPL 30.30 [1], [4]). A criminal action is typically commenced when an accusatory instrument is filed against a defendant in criminal court (see CPL 1.20 [16]). Once the action has been commenced, it "includes the filing of all further accusatory instruments directly derived from the initial one" (CPL 1.20 [16] [b]). Where, as here, the defendant has been served with an appearance ticket, the statute deems the commencement date of the action the date of defendant's first criminal court appearance in response to the ticket (see CPL 30.30 [5] [b]; People v Stirrup, 91 NY2d 434, 438 [1998]).

The criminal action commenced on September 26, 2005, when defendant appeared in Criminal Court on the desk appearance ticket. Defendant does not allege any speedy trial violation as to the assault-related counts. However, he argues that the time excludable from the assault-related charges is not excludable as to the theft-related charges.

As we have previously held,

"[w]e perceive no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation" (People v Sinistaj, 67 NY2d 236, 239 [1986]).

We observed that the provisions of CPL 30.30 should be interpreted as an integrated whole and that applying only one part of the statute to a subsequent indictment would be contrary to that principle (see Sinistaj, 67 NY2d at 239-240). Since the parties agree that these charges are sufficiently related to require the same commencement date for speedy trial purposes, under the rationale of Sinistaj, they are sufficiently related to apply the same excludable time.

There is some question as to whether this indictment was "directly derived" from the initial accusatory instrument within the meaning of CPL 1.20 (16) (b). The term "directly derived" is not defined in the Criminal Procedure Law and we have

determined that it should be accorded its plain meaning— specifically, whether the indictment can be traced to or originates from the prior accusatory instrument (*see People v Osgood*, 52 NY2d 37, 44 [1980]). Here, the indictment appears to satisfy that test because the charges, including the theft-based charges, originate from the prior accusatory instrument, incorporating the same physical injury component. However, it is unnecessary to make that determination in this case because, as noted above, if the charges are sufficiently related to apply the same commencement date, they are likewise sufficiently related for purposes of applying excludable time.

Nor would it benefit defendant if we were to determine that the indictment was not directly derived from the initial accusatory instrument. In that situation, the indictment would not relate back for the purpose of any speedy trial calculation, including determination of a commencement date (*see Sinistaj*, 67 NY2d at 241 n 4).* In short, the speedy trial statute should be applied as a rational, integral whole.

Accordingly, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.

---

* The People concede that they have not preserved any argument that the theft-related charges would have a separate commencement date from the assault-related charges.