■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY E. BOND II, Appellant. [973 NYS2d 847]—

Rose, J.P. Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered December 19, 2011, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was caught entering the second story window of a home and charged in local criminal court with two counts of burglary in the second degree on September 2, 2010. On January 10, 2011, he waived indictment in County Court and agreed to be prosecuted by superior court information charging him with burglary in the third degree. The People filed a statement of readiness on that same date. Thereafter, the People obtained an indictment charging defendant with burglary in the second degree based upon the same facts alleged in the original charges, and they again declared their readiness at defendant's arraignment on the indictment on September 19, 2011. After a jury trial, defendant was convicted as charged.

On appeal, defendant contends that his speedy trial rights were violated because, he asserts, the indictment vitiated the

original statement of readiness, and the September 2011 statement of readiness was beyond the six-month time limit as measured from the commencement of the action in September 2010. He waived this claim, however, by failing to move to dismiss the indictment prior to the commencement of trial (*see* CPL 210.20 [2]; *People v Lawrence*, 64 NY2d 200, 203-204 [1984]; *People v Garcia*, 33 AD3d 1050, 1051 [2006], *lv denied* 9 NY3d 844 [2007]). In any event, the claim is without merit as the indictment is "directly derived" from the original accusatory instrument (CPL 1.20 [16]). Thus, it not only relates back to the commencement of the action, but also to the initial announcement of readiness (*see People v Farkas*, 16 NY3d 190, 193 [2011]; *People v Sinistaj*, 67 NY2d 236, 239 [1986]; *People v Bjork*, 105 AD3d 1258, 1259 [2013], *lv denied* 21 NY3d 1040 [2013]; *People v Galloway*, 93 AD3d 1069, 1070 [2012], *lv denied* 19 NY3d 996 [2012]).

We must also reject defendant's argument that the failure to move to dismiss on speedy trial grounds rises to the level of ineffective assistance of counsel, as counsel should not be criticized for failing to pursue a potentially futile endeavor (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Bahr*, 96 AD3d 1165, 1166 [2012], *lv denied* 19 NY3d 1024 [2012]; *People v Perea*, 27 AD3d 960, 961 [2006]). Nor are we persuaded by defendant's remaining claims of ineffective assistance. Simply stated, counsel's representation was meaningful and defendant has not demonstrated the absence of any strategic or other legitimate explanations for the alleged failings (*see People v Harvey*, 96 AD3d 1098, 1100 [2012], *lv denied* 20 NY3d 933 [2012]; *People v Wicks*, 73 AD3d 1233, 1236 [2010], *lv denied* 15 NY3d 857 [2010]; *People v Cole*, 35 AD3d 911, 913 [2006], *lv denied* 8 NY3d 944 [2007]).

Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.