People v Pagan (2022 NY Slip Op 22115)

People v Pagan

2022 NY Slip Op 22115 [75 Misc 3d 11]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 15, 2022

[*1]

The People of the State of New York, Appellant,
v
Felix Pagan, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, April 1, 2022

APPEARANCES OF COUNSEL

Eric Gonzalez, District Attorney (Leonard Joblove and Seth M. Lieberman of counsel), for appellant.
Stuart Birbach for respondent.

{**75 Misc 3d at 12} OPINION OF THE COURT

Memorandum.

Ordered that the order is affirmed.
On February 2, 2020, defendant was arraigned on an accusatory instrument charging him with forcible touching (Penal Law § 130.52 [1]), sexual abuse in the third degree (Penal Law § 130.55), harassment in the second degree (Penal Law § 240.26 [1]) and endangering the welfare of a child (Penal Law § 260.10 [1]). The matter was adjourned to March 3, 2020, and again to March 31, 2020, for the People to convert the accusatory instrument to an information and to file a certificate of compliance (CoC) (see CPL 245.20). No CoC was filed during this time, but due to the COVID-19 pandemic, the Governor issued a sequence of executive orders that, among other things, tolled the statutory speedy trial "clocks" governing all criminal court proceedings from March 20 to October 4, 2020. On or about December 7, 2020, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, which motion the Criminal Court (Alexander Calabrese, J.) granted in an order dated March 10, 2021.
The People's claim that the automatic discovery requirement of CPL article 245 is the functional equivalent of a "demand to produce," which is excludable pursuant to CPL 30.30 (4) (a), lacks merit. As the Appellate Division, Second Department, recently held in People ex rel. Ferro v Brann (197 AD3d 787, 787-788 [2021]),
"The current statutory framework of CPL 245.10 abolishes the prior mechanism for [*2]obtaining discovery through serving a demand upon the People and instead requires that the People provide the discovery listed in CPL 245.20 automatically within the{**75 Misc 3d at 13} deadlines established therein. As discovery demands are now defunct, the exclusion provided for in [CPL 30.30 (4) (a)] is no longer applicable to the period of time when the defendant is waiting for discovery to be provided by the People" (internal quotation marks and citation omitted).
Moreover, we reject the People's related argument that defendant's failure or unwillingness to waive his automatic discovery rights (see CPL 245.75 [1]) constituted a "demand to produce."
In view of the foregoing, all time from defendant's February 2, 2020 arraignment to the Governor's March 20, 2020 tolling of the statutory speedy trial statute provisions is properly chargeable to the People, except that defendant's arraignment date, the commencement date for this matter, is excluded (see General Construction Law § 20; People v Stiles, 70 NY2d 765 [1987]). This is a 47-day time period (see People v DiMeglio, 294 AD2d 239, 240 [2002]; People v Page, 240 AD2d 765, 766 [1997]; People v Delgado, 62 Misc 3d 126[A], 2018 NY Slip Op 51847[U], *1 [App Term, 1st Dept 2018]). The court correctly excluded March 20-October 4, 2020, pursuant to the Governor's executive orders, and the People concede, correctly, that the 54-day period from October 4-November 27, 2020, was chargeable. Therefore, 101 days are chargeable to the People, which is more than the 90 days allotted to them to be ready to proceed to trial in this case (see CPL 30.30 [1] [b]). Consequently, the Criminal Court properly granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
Accordingly, the order is affirmed.
Weston, J.P., Toussaint and Golia, JJ., concur.