People v Othman (2025 NY Slip Op 50392(U))

[*1]

People v Othman

2025 NY Slip Op 50392(U)

Decided on March 27, 2025

Criminal Court Of The City Of New York, Kings County

Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 27, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Husin Othman, Defendant.

Docket No. CR-028133-24KN

Eric Gonzalez, District Attorney, Kings County, Mariya Budiyanskaya, A.D.A.
The Legal Aid Society, Karli L Wurpel, Esq., of counsel for the Defendant.

Patrick Hayes Torres, J.

Defendant was charged with Vehicle & Traffic Law §1192. 2(a)(a) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, among other charges. Defendant moves for an order deeming the prosecution's Certificate of Compliance ("COC") illusory because the prosecution failed to fulfill their discovery obligation under CPL 245.20 (1) and dismissing the accusatory instrument (CPL§§ 30.30, 170.30(1) (e)).
For the reasons set forth below, the defendant's motion to dismiss the accusatory instrument is Granted.
PROCEDURAL HISTORY
On July 7, 2024, defendant was arraigned on a misdemeanor complaint charging him with Vehicle & Traffic Law §1192. 2(a)(a) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, among other charges. Since the top count charged in the information was an unclassified misdemeanor punishable by up to a year in jail the People were required to be ready for trial within 90 days. See CPL 30.30 (1) (b); Vehicle & Traffic Law § 1193 (1)(b)(i).
On October 1, 2024, a prior Assistant District Attorney (ADA) on the 86th day of speedy trial time, filed off calendar a COC, Statement of Readiness ("SOR"), Discovery Inventory, along with a Notice and Disclosure Form ("NDF").
On October 1, 2024, the defense alleged the People failed to provided discovery with in the first 35 days pursuant to 245.10(1)(a)(ii). The defense acknowledged that when discovery is voluminous or discovery that involves video the People are granted an additional 30 days without seeking judicial intervention. However, the first time the People provided discovery, according to the defendant, was when the People filed their COC on October 1, 2024. The defense claimed the late filing was in violation of 245.10 since the People neglected to seek an extension of time pursuant to 245.70, as the statute requires.
On November 6, 2024, the defense notified the People of missing discovery items.
On December 16, 2024, the People filed a supplemental COC providing some of the missing discovery.

CERTIFICATE OF COMPLIANCE
A COC is not proper unless the prosecutor has disclosed to the defense all known material subject to discovery after having exercised due diligence and made reasonable inquiries to find out what discovery existed. People v Hutchins, 74 Misc 3d 1234 (A) (Sup. Ct., Kings County 2022). In a challenge to the validity of a COC the Court must determine whether the People exercised the requisite level of diligence in obtaining the materials, whether their certification was filed in good faith, and whether it was reasonable under the circumstances. People v Valdez, 80 Misc 3d 544 (Crim Ct, Kings County 2023); People v Markovtsii, 81 Misc 3d 225 (Crim. Ct, Kings County 2023); People v McKinney, 71 Misc 3d 1221(A) (Crim Ct, Kings County 2021); People v Adrovic, 69 Misc 3d 563(Crim Ct, Kings County 2020).
Even if discovery is outstanding a COC/SOR can still be found valid if the People can demonstrate that they acted in good faith with due diligence. Article 245 does not define due diligence, but the Court of Appeals in People v Bay, 41 NY3d 200 (2023), set forth a number of factors a Court can consider when assessing whether due diligence has been established. These factors include but not limited to efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements; the volume of discovery provided and outstanding; the complexity of the case; how obvious any missing material would likely have been to a prosecutor exercising due diligence; the explanation for the discovery lapse; the People's response when apprised of any missing discovery are some of the factors a court can consider. Id at 212.

PARTIES CONTENTION
The defense claimed that the People failed to provide a laundry list of items prior to filing their COC/SOR such as legible copy of scratch complaint; PAR; pre-arraignment card; command log; prisoner pen roster; tow paperwork; vehicle seizure form; Police Officer Xenakis, Giglio, activity logs, meta data, audit trails; name of officer who delivered the second Portable Breadth Test (PBT); serial number for first PBT; name of officer who spoke to the civilian on scene, including the officers body worn camera (BWC), BWC audit trail, activity log and Giglio material; ACI of civilian on scene; PBT calibration results. The defense position is that based on these missing items the People failed to comply with their statutory obligation to provide discovery prior to filing their COC/SOR and thus the case should be dismissed.
Moreover, the defense alleged the people ignored CPL 245.10 when they failed to provide discovery by the 35th day. The defense challenged the People's claim of good faith in that the first time the defense received discovery was on the 86th day when the People filed their COC/SOR in violation of 245.10. The defense acknowledged that when discovery is voluminous or involves videos the People are generally granted an additional 30 days from the initial 35 days without seeking judicial intervention. However, the People ignored the statute by failing to seek an extension of time to provide late discovery under 245.70.
The People failed to address the issue of the late filing of discovery under 245.10(2)(a)(ii) and to provide a step-by-step analysis in demonstrating their due diligence in obtaining discovery prior to filing their COC/SOR. The lack of any detail gave the impression that discovery was ordered on the waning days of speedy trial time.
The People contend that some of the missing items the defense alleged missing on November 6, 2025, were not discoverable or not related to the case. In the alternative, the people [*2]alleged some of the missing items did not exist.
The People alleged for example the Vehicle Report, Vehicle Seizure Form, DAS Report did not exist. The People explained that these items were not created and thus do not exist. The Court accepted the People's explanation for those items.
Command Log, Motor Vehicle Report, Activity Logs and Arraignment Card
The People claimed that the Command Log, Motor Vehicle Report and the Activity Logs for 5 police officers were inadvertent errors without providing an explanation of the inadvertent error. Police Officer activity logs are in almost every case and not some obscure report. A diligent prosecutor performing their due diligence would have noticed the activity logs were missing. Thus, an explanation as to the inadvertent error was warranted. Moreover, the defense notified the People of this error on November 6, 2024, and it took until December 16, 2024, to disclose these items.
Contrary to the People's claim the Command Log relates to the subject matter of the case. A Command log may note a defendant's physical and mental well-being, property recovered, arresting officer information as well as an officer's handwritten notes of the defendant all of which relate to the offense charged as well as any potential defense. People v J.M.W. 83 Misc 3d 1289 (A) (Sup Ct, Kings County 2024). In an arrest such as this one which involves Driving While Intoxicated, information as to defendant's physical appearance as well as his mental well-being, would be relevant to the issue of intoxication and should have been disclosed prior to filing their COC/SOR.
The People here claimed the Arraignment Card was not discoverable since the document was in the possession and control of the Court, instead of alleging inadvertent error. Despite the People's contention the Arraignment Card is discoverable and should have been disclosed. The People's discovery obligation under Article 245 is not relieved because an Arraignment Card is also found attached to the court's own file. The Arraignment Card contains the logo of NYPD on the top of the page. The People do not dispute the Arraignment Card is created by the New York City Police Department (NYPD). Items, that are created by the NYPD are deemed to be in the constructive possession of the People. See CPL 245.20(2). Therefore, the arraignment is in possession of the People.
In addition to providing defendant's pedigree information and charged offense the Arraignment Card also contains a narrative of the facts that led to the defendant's arrest. Sometimes the Arraignment Card includes information such as whether a complainant witness is cooperative in the narrative. The information contained in the Arraignment Card clearly relates to the subject matter of the case and may also serve to negate a charge, support a defense or impeach a witness credibility. See CPL 245.20(1)(e); 245.20 (1)(k). Therefore, the People were obligated to disclose this document to the defense prior to filing their COC. See 245.20(1)(e); People v J.M.W. 83 Misc 3d 1289(a) 7 (Sup Ct, Kings County 2024).
Portable Breadth Test (PBT)
The People's basis for not disclosing the 1st PBT was because the device was defective and not given a reading. Further, the People claimed the 1st PBT was not used as a basis of probable cause. As a result, another officer arrived to the arrest scene with another PBT device that the People alleged was in working order. The People argued that they did provide the information on the 2nd PBT that provided a reading.
However, the People's belief that the issue is resolved since they were not using the 1st PBT as evidence or support for probable cause is erroneous. The People's argument does not [*3]absolve them of their discovery obligation under CPL 245.20 to provide records related to the 1st PBT. See People v. Wilber S., 83 Misc 3d 1293(A) (Crim Ct Queens County 2024).
Here the People failed to provide an explanation for the discovery lapse, much less articulate their efforts to obtain each of these items prior to filing their COC/SOR of October 1, 2024. See People v Carter, 80 Misc 3d 127(a) (App Term, 2nd Dep't, 2,11,13 Jud Dist 2023). The People's COC/SOR was deemed illusory since they failed to establish for several items that they had exercised due diligence to disclose these items to the defense.
The defendant's remaining claims were moot given this Court's decision herein.

SPEEDY TRIAL CALCULATION
The People's CPL § 30.30 time commenced on July 7, 2024, the day after defendant was arraigned. People v Stiles, 70 NY2d 765 (1987). On October 1, 2024, when the People filed their COC and SOR, 86 days were chargeable to the People. The People's COC was deemed illusory and did not stop the CPL § 30.30 time. The CPL §30.30 time was not effectively stopped until November 26, 2024, when defendant filed the instant motion. CPL §30.30 (4) (a). The People were charged 142 days of speedy trial time from July 7, 2024, to November 26, 2024, when defendant filed the instant motion. CPL (4) (a). 
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: March 27, 2025
Brooklyn, New York
E N T E R:
PATRICK HAYES TORRES, J.C.C.