People v Morrison (2025 NY Slip Op 50693(U))

[*1]

People v Morrison

2025 NY Slip Op 50693(U)

Decided on April 30, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Justice Padi Morrison, Defendant.

Docket No. CR-020909-24BX

For the Defendant: 
William John
For the People: 
Casey M. McIntyre

David L. Goodwin, J.

Defendant Justice Padi Morrison's motion to dismiss is premised on alleged defects in the People's certificate of compliance, which (he argues) means the People were not ready for trial within the 90-day C.P.L. § 30.30 speedy trial window. The People respond in kind.
But the validity of the certificate of compliance may not matter, because the People appear to have certified their discovery compliance and declared ready one day after the speedy trial time expired—not on-time on day 90, as both parties asserted in their papers, but late on day 91. Upon noticing this discrepancy, the Court requested additional briefing on the parties' calculations. Morrison now urges dismissal based also on the late declaration of readiness. The People reassert that they declared ready on day 90.
As explained below, the Court concludes that the People declared ready on the 91st day, beyond the time allowed by § 30.30. Accordingly, Morrison's motion is GRANTED and the case is DISMISSED.
I. Background
Facts and Procedural History
The relevant facts are straightforward. This case began on October 8, 2024, when Morrison was arraigned on a desk appearance ticket. The top count of the accusatory instrument charged aggravated harassment in the second degree, a class A misdemeanor. See P.L. § 240.30(1)(a).
The People were not ready for trial on the first two post-adjournment dates, November 18 and December 5. The case was then adjourned to January 16 for the People to file their discovery-compliance and readiness materials.
In the early afternoon of January 7, 2025, the People filed those documents off-calendar. [*2]Their statement of readiness was dated January 7.
After additional proceedings not relevant here, the parties attended a discovery conference on February 24, 2025. The court set a motion schedule.
Morrison's Dismissal/Omnibus Motion
In his counseled March 11 motion, Morrison seeks to invalidate the People's certificate of compliance and dismiss the case on § 30.30 speedy trial grounds. In the alternative, he requests hearings and other omnibus relief.
Morrison attacks the People's certificate on two fronts. First, he contends that the People failed to timely disclose information about certain witnesses and individuals with relevant information. Second, he argues that the People failed to obtain a settlement agreement from a civil case against an officer whom the People planned to call as a witness. In Morrison's view, these defects render the People's certificate invalid and illusory, requiring that the People be charged with 138 days, measured from the commencement of the case on "October 9, 2024," through February 24, 2025, "the date of the briefing schedule." Defense's Mot. at 8.
Regarding the time that elapsed before the declaration of readiness, Morrison states only that January 7 was the 90th and final day of the speedy trial deadline. Defense's Mot. at 4 (Decl. of William John ¶ 7). However, he does not indicate how he calculated that number.
While the People respond by focusing on the validity of their certificate of compliance, they also provide time calculations. The People identify October 8 as the date the "accusatory instrument was filed" and on which the "ninety-day period commence[d]." People's Resp. at 12.[FN1]
They also invoke People v. Stiles, 70 NY2d 765 (1987), for the principle that "[t]he day on which the accusatory instrument is filed is excluded" from the § 30.30 calculation. People's Resp. at 12. Via an adjournment-by-adjournment accounting, the People calculate 90 days as follows:
October 8 through October 9: 0 days.
October 9 through November 18: 40 days.
November 18 through December 5: 17 days.
December 5, 2024 through January 7, 2025: 33 days.
People's Resp. at 12. The People do not invoke any exclusions or suggest that any time between commencement and readiness should not be charged.
Morrison's April 9 reply addresses the alleged invalidity of the certificate of compliance.
Supplemental Briefing
While the parties had both calculated 90 days between commencement and readiness, the Court calculated 91 days upon initial review, not 90 days. If that were so, the People's declaration of readiness would be one day late, and the case subject to dismissal on statutory speedy trial grounds regardless of the validity of the certificate of compliance.
The Court flagged this issue for the parties by email on April 18 and solicited additional [*3]letter briefing.[FN2]
In a supplemental brief, Morrison now contends that 91 days elapsed because "the actual day of the filing must count against the State." Defense's Letter Br. of April 22, 2025. In their response, the People clarify that they are measuring the speedy trial period from the day after the case's commencement: "the People maintain that the time from the day after the accusatory instrument was filed — October 9, 2024 — through the day that the People's Certificate of Compliance and Statement of Readiness was filed — January 7, 2025 — is a total of 90 days." People's Letter Br. of April 29, 2025. The People contend that this is the tally required by the "established precedent" of Stiles and People v. Stirrup, 91 NY2d 434 (1998). People's Letter Br. of April 29, 2025.

II. Discussion
As explained below, the Court concludes that 91 days elapsed between the commencement of this case and the People's declaration of readiness. In calculating to the contrary, the People omitted the day of commencement from their tally and then began their "count" from the next day, which they treated as day zero. The former was correct, but the latter was not, and had the effect of omitting the second day entirely. Contrary to the People's arguments, established precedent does not support treating the day after a person appears on a desk appearance ticket as "day zero" from which the time period is measured. Instead, as the case law instructs, the People should have treated the day of commencement like any other triggering event—the entry of a court order, for instance—and simply counted forward 90 days, excluding the first day but including the last.
Counting from the day of commencement reveals that the 90th day after commencement—the § 30.30 speedy trial deadline—was January 6, not January 7. Because the People declared ready one day late, issues surrounding the certificate of compliance are academic, as the case must be dismissed.

 * * *
When the top count charged is a class A misdemeanor, New York's speedy trial statute requires the People to be ready for trial "within ninety days of the commencement of a criminal action." C.P.L. § 30.30(1), (1)(b). If the People are not ready within 90 days, the case must be dismissed upon motion by the defense. See C.P.L. §§ 30.30(1), 170.30(1)(e); see also People v. Labate, 42 NY3d 184, 190 (2024) ("The statute places a specific time limit on the People to be ready for trial and otherwise requires dismissal.").
The first step in a § 30.30 calculation is determining the date of commencement. Although a criminal action often commences with the filing of the initial accusatory instrument, see C.P.L. § 1.20(17), desk appearance ticket cases commence instead upon the first appearance on the ticket. See C.P.L. § 30.30(7)(b); People v. Farkas, 16 NY3d 190, 193 (2011).
Here, Morrison was arraigned on the desk appearance ticket on October 8, 2024. His [*4]criminal action commenced on that date.[FN3]

The second step in a § 30.30 calculation is actually counting days—sometimes a complex task if there are disputed adjournments, exclusions, or changes in readiness. In this case, however, the People do not dispute that the entire period between commencement and readiness should be chargeable to the prosecution. So the only task is determining how many days elapsed between the commencement of the case on October 8, 2024 and the People's declaration of readiness on January 7, 2025.
Time periods set out in days are (with exceptions not relevant here) measured using the familiar count-forward method, where "the first day is excluded but the last day is included." People v. DiMeglio, 294 AD2d 239, 240 (1st Dept. 2002). This rule is enshrined in General Construction Law § 20, which says that a "number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made," with the day of reckoning defined as "the day upon which the event happens."
That somewhat-twisty late-nineteenth-century language notwith-standing,[FN4]
applying the count-forward rule often is straightforward. For instance, when an order issued on a Monday directs that action be taken within four days, the due date is Friday. Counting forward from Monday, which is day zero, yields Tuesday as day one, Wednesday as day two, Thursday as day three, and Friday as day four.
Here, the criminal case commenced on October 8, when Morrison was arraigned on the desk appearance ticket. As the day of reckoning, October 8 is day zero, and the 90-day speedy-trial clock counts forward from that day. Counting forward 90 days from October 8 yields Monday, January 6, 2025, or one day before the People declared ready.
Thus, January 7 was the 91st day. By the time the People declared ready, they already were late by one day.
In calculating to the contrary, the People count forward from October 9, which has the effect of omitting October 9 entirely. Their adjournment-by-adjournment reckoning counts 0 days between October 8 and October 9 and 40 days between October 9 and November 18. But the latter span is 40 days only if October 9 is excluded.
Put another way, the People count forward from the day after the case's commencement, not from the date of commencement itself. And they clarify in their supplemental brief that they took this approach, urging the Court to begin counting after October 9.
In support of their position, the People rely on People v. Stiles, 70 NY2d 765, 767 (1987), for the proposition that the day of commencement should be excluded entirely from the § 30.30 calculation, and the 90 days should be measured from the day after. But this is a (not-uncommon) misreading of Stiles, which held simply that the same omit-the-first, count-the-last rule that applies to all period-of-days calculations under General Construction Law § 20 applies with equal force to § 30.30. In other words, Stiles did not conclude that a different day-[*5]calculation rule applies to § 30.30, but instead held that the same day-calculation rule applies to § 30.30. See Stiles, 70 NY2d at 767.[FN5]

Thus, under Stiles, the date of commencement is treated just like any other day from which a deadline must be measured, such as the day a decision is rendered. The case law is in accord. See, e.g., People v. Pagan, 75 Misc 3d 11, 13 (App. Term. 2d, 11th & 13 Jud. Dists. 2022) (calculating 47 days from February 2, 2020 commencement through March 20, excluding February 2 but including March 20); DiMeglio, 294 AD2d at 239—40 (calculating 41 days between commencement on December 14, 1999 and January 24, 2000, excluding the former but including the latter). Were the People correct about Stiles, a Monday order directing that action be taken within four days would yield a due date of Saturday (or, under the usual rule, the following Monday) instead of Friday—plainly not how time is calculated. 
The People's position is further refuted by Stirrup, one of the cases upon which they rely in their letter brief. In Stirrup, a defendant was arraigned on a desk appearance ticket on January 22, 1993. The Court of Appeals concluded that the speedy trial clock "began to run against the People when defendant physically appeared in court on January 22, 1993, in accordance with the instructions on the face of the desk appearance ticket." Stirrup, 91 NY2d at 439. January 22 was therefore the date of commencement. And in calculating the time period that elapsed before the People filed their accusatory instrument, the Court counted forward from January 22, concluding that "the entire period from that date until the accusatory instrument was filed on May 4, 1993, must be charged against the People[:] 102 days." Id. But January 22 through May 4 is 102 days only if January 22 is day zero and January 23 is day one. Under the People's approach, which would begin with January 23 as day zero, that span is only 101 days. Stirrup thus further confirms that the date of commencement, and not the day after commencement, is day zero for § 30.30 purposes.

 * * *
In sum, when the People declared ready on January 7, 2025, 91 days had elapsed since the case's commencement. The validity of their certificate of compliance does not matter, because the clock stopped one day over the 90-day deadline. These circumstances "require[] dismissal." Labate, 42 NY3d at 190.
For the above reasons, the branch of Morrison's motion seeking dismissal is GRANTED, and the matter is DISMISSED AND SEALED pursuant to C.P.L. §§ 30.30 and 170.30. The remainder of Morrison's motion is DENIED as academic.
Dated: April 30, 2025
Bronx, NY
/s/David L. Goodwin
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:The People's response is not paginated. Citations are to the PDF pagination of the assembled document filed via EDDS. 

Footnote 2:See People v. Smith, 62 Misc 3d 126(A), 2018 NY Slip Op. 51850(U), at *1 (App. Term. 1st Dept. 2018) (requiring written motions practice, reasonable notice, and an opportunity to respond to "the specific grounds asserted for dismissal" on a post-arraignment motion to dismiss); see also People v. Doe, 46 Misc 3d 140(A), 2015 NY Slip Op. 50135(U), at *1 (App. Term. 1st Dept. 2015) (distinguishing improper oral sua sponte dismissal on speedy trial grounds from an earlier case where the People had been given two weeks' notice of a possible ground for dismissal).

Footnote 3:The People's reliance on the "filing" date is thus technically incorrect, but as the People still identify October 8 as the date of commencement, any error is of no moment.

Footnote 4:See People v. Burgess, 153 NY 561, 572—73 (1897) (quoting the nearly identical language of section 20's nineteenth-century predecessor). The modern Federal Rules set out the same basic computation rule in easier-to-follow language. See, e.g., Fed. R. Crim. P. 45(a)(1).

Footnote 5:Contrary to Morrison's supplemental letter brief, calculating 91 days does not require counting "the actual day of the filing . . . against the State." Defense's Letter Br. of April 22, 2025. October 8 is still excluded as day zero.