People v Myrie (2025 NY Slip Op 50951(U))

[*1]

People v Myrie (Dane)

2025 NY Slip Op 50951(U)

Decided on June 12, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570261/22

The People of the State of New York, Respondent,
against
Dane Myrie, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Joseph A. McCormack, J., at speedy trial motion; Wanda Y. Negron, J., at plea and sentencing), rendered April 29, 2022, convicting him, upon his plea of guilty, of speeding, and imposing sentence.

Per Curiam.
Judgment of conviction (Joseph A. McCormack, J., at speedy trial motion; Wanda Y. Negron, J., at plea and sentencing), rendered April 29, 2022, reversed, on the law, defendant's speedy trial motion granted, and the accusatory instrument dismissed.
The court should have granted defendant's speedy trial motion (CPL 30.30). The undisputed facts show that defendant was served with a desk appearance ticket (DAT) requiring him to appear in court on April 1, 2021 to answer a Vehicle & Traffic Law charge. Defendant appeared in court on that date, but the matter was not on the calendar. Defendant was ultimately arraigned on April 29, 2021, and the matter was then adjourned to June 7, 2021 for the People to file a certificate of compliance. 
Where, as here, a defendant is served a DAT, the criminal action commences and the speedy trial clock begins to run on the date defendant first appears in court in response to the DAT (see CPL 30.30 [7] [b]; People v Farkas, 16 NY3d 190, 193 [2011]). Thus, the speedy trial clock began to run on April 1, 2021, even though defendant was arraigned on a later date (see People v Stirrup, 91 NY2d 434 [1998]; People v Brisotti, 169 Misc 2d 672, 673 [App Term, 1st Dept 1996], lv denied 89 NY2d 940 [1997]). Consequently, the lower court erred in excluding the 28-day period from April 1 to April 29 from its speedy trial calculation. When this 28-day period is added to the 77 days conceded by the People, the chargeable time is 105 days, which exceeded the 90 days permitted by statute.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 12, 2025