People v Nunez (2025 NY Slip Op 51497(U))

[*1]

People v Nunez

2025 NY Slip Op 51497(U)

Decided on September 23, 2025

Criminal Court Of The City Of New York, Bronx County

Krompinger, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Leandro Nunez, Defendant.

Docket No. CR-030909-24BX

For the People: ADA Daniel Beloosesky, The Office of Darcel D. Clark, District Attorney of Bronx County, 198 E. 161st Street, Bronx, NY 10451. 
For the Defendant: Brendan Ilnitzki, Esq., The Legal Aid Society, 260 E 161st Street, Bronx, NY 10451. 

Scott M. Krompinger, J.

Recitation of the papers considered:
Defendant's Notice of Motion, aff. of Brendan Ilnitzki, Esq., dated August 5, 2025.
People's Opposition, aff. of ADA Daniel Beloosesky, Esq., dated August 26, 2025.
Defendant's Reply, aff. dated September 2, 2025.
SCOTT M. KROMPINGER, J.:
Upon the foregoing papers, the defendant Leandro Nunez ("Defendant") moves for an order (1) dismissing the accusatory instrument pursuant to CPL 170.30 (1) (e) and 30.30, and (2) granting such other and further relief as this Court deems just and proper. The People oppose the motion.
Background
This matter arises out of alleged incidents that occurred on or about November 23 and 26, 2024, in front of 3424 Kingsbridge Avenue in the Bronx, New York. Defendant stands charged with stalking in the fourth degree (Penal Law ["PL"] § 120.45), stalking in the third degree (PL §120.50 [3]), and harassment in the second degree (PL § 240.26 [3]). He was arraigned on December 7, 2024 and released on his own recognizance.
On March 5 and March 6, 2025, the People filed and served their certificate of compliance ("COC"), a superseding information, a supplemental COC, and a statement of readiness ("SOR") off-calendar. The next day, the People filed off-calendar another supplemental COC and SOR. On April 24, 2025, a discovery conference was held before the Honorable Harold Bahr. Following the conference, Judge Bahr deemed the COC valid but ordered the People to disclose internal affairs bureau ("IAB") log attachments to the Court for [*2]in-camera review to determine if the attachments should then be disclosed to defense counsel. The Court set a date of May 2, 2025, for the People to provide the material. The Court also set an omnibus motion schedule with a decision date of July 10, 2025.
The IAB attachments were eventually provided to the Court on June 3, 2025. On June 16, the Court informed the parties via email that the COC remained valid, but some of the IAB attachments or portions thereof were discoverable. Accordingly, the Court ordered the People to provide the discoverable material to the defense. 
On July 10, 2025, the case was called in Part AP4. Defense counsel informed the Court that the People had yet to provide the IAB attachments that were deemed discoverable. The matter was adjourned to July 15, 2025, for the assigned ADA to address the issue. On July 14, the People disclosed the outstanding material to the defense, and on July 16, they filed another supplemental COC and SOR.
Defendant now contends that the People's SOR should be deemed invalid. He argues that as of July 10, 2025, the People had yet to comply with the Court directive to provide the discoverable IAB attachments. Defendant notes that the People delayed in disclosing the material to the Court for in-camera review and did not expeditiously comply with the Court's order to provide the material. Even after defense inquiry on July 10, it took the People five (5) additional days to supply the information to counsel. Defendant asserts that without the IAB attachments, the People could not have been deemed ready for trial on July 10, thus the time period from July 10 through July 14, 2025 is includable. With these additional five (5) days, Defendant calculates a total of ninety-two (92) days chargeable to the People, which exceeds the statutory speedy trial time.
In opposition, the People assert that they are ready for trial and have been so since March 6, 2025, when their initial SOR was filed. The initial COC was deemed valid following the April 24, 2025, conference before Judge Bahr, when they were directed to provide the subject IAB log attachments for in-camera review. The People detail their efforts to comply with the judge's directive to provide those materials, including communications with their internal discovery compliance bureau. On July 10, 2025, the parties appeared in AP4. When contacted by the standing ADA's as to the status of the attachments, the assigned ADA emailed his office and the discovery compliance bureau about the outstanding discovery. The People eventually secured the material and disclosed it to the defense on July 14, 2025.
The People contend that their SOR is not illusory. They argue that Defendant is improperly conflating the People's initial discovery obligations — which are tied to CPL 30.30 trial readiness — with their continuing discovery obligations under CPL 245.60 — which are untethered from CPL 30.30. Sanctions to be applied for a violation of continuing discovery obligations are found in CPL 245.80 (2). The People state that their filing of supplemental COC's should have no impact on the validity of the originally-filed COC. Furthermore, no sanctions are appropriate here under CPL 245.80 as Defendant has not been prejudiced by the belated disclosure of IAB material that is substantively duplicative of what was turned over and concerns collateral matters unrelated to the charged incident. Assuming the validity of the initial COC is at issue, the People allege that they have exercised due diligence in obtaining and disclosing them in compliance with the new amendments to the discovery statute effective as of August 7, 2025. 
In reply, Defendant contends that the People were not ready to proceed to trial without the IAB attachments. Defendant asserts that the People did not state they were ready to proceed [*3]to trial as of July 10 — as they only maintain readiness since March 6, 2025. Because the People were not ready to proceed on July 10, they must be charged for the delay that occurred from that date through July 14, 2025. Consequently, Defendants argues that the People have exceeded their speedy trial time, and this matter must be dismissed.
Applicable Law and Analysis
Since at least one of the charges against Defendant is a misdemeanor punishable "by a sentence of imprisonment of more than three months" and none of the charges are a felony, the People had 90 days from the commencement of this action to declare readiness for trial (CPL 30.30 [1] [b]). The People commenced this action on December 7, 2024, the date the accusatory instrument was filed (CPL 1.20 [16], [17]). Defendant was arraigned that same day and released on his own recognizance. The People filed their initial COC on March 5, and initial SOR on March 6, 2025. As of March 6, eighty-nine (89) days were chargeable to the People - less than 90 days after the action was commenced.
The People's readiness for trial requires: (1) a statement of readiness in open court by the prosecutor or written notice of readiness sent to both defense counsel and the appropriate clerk, and (2) the People must in fact be ready to proceed, meaning they have done all that is required of them to bring the case to a point where it may be tried (People v Brown, 28 NY3d 392, 403-404 [2016]). A satisfactory notice of readiness "'serves to toll the "speedy trial clock" from running for the remainder of the adjournment period'" (id., quoting People v Stirrup, 91 NY2d 434, 440 [1998]).
"Once the People have declared ready, a postreadiness delay may still be 'charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial'" (People v Labate, 42 NY3d 184, 191 [2024], quoting People v Brown, 28 NY3d 392, 404 [2016]; People v Carter, 91 NY2d 795, 799 [1998]). When the case is in post-readiness posture, " 'the People bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay' [h]owever, 'the defendant ordinarily has the burden of showing that any post-readiness adjournments occurred under circumstances that should be charged to the People'" (Brown, 28 NY3d at 404, quoting Stirrup, 91 NY2d at 440, and People v Cortes, 80 NY2d 201, 215-216 [1992], rearg denied, 81 NY2d 1068 [1993]). "Thus, '[i]n the absence of proof that [a] readiness statement did not accurately reflect the People's position , the People [have] discharged their duty under CPL 30.30'" (id., quoting Carter, 91 NY2d at 799]).
For example, in People v McKenna, the prosecution's concededly negligent failure to produce Grand Jury minutes until five months after the statement of readiness was filed was chargeable to the People and resulted in CPL 30.30 dismissal (People v McKenna, 86 NY2d 59, 64 [1990]). The Court in McKenna noted that the minutes were required for judicial resolution of defendant's pretrial CPL 210.30 motion. The trial could not go forward until that motion was decided and the People's "dilatory conduct" in failing to provide the minutes "was a direct, virtually insurmountable, impediment to the trial's very commencement" (id. at 64). Post-readiness time has also been deemed chargeable to the People when they inexcusably fail to produce a defendant in their custody (People v Jones, 66 NY2d 529, 539-540 [1985]), ignore court-ordered deadlines to respond to pretrial omnibus motions (People ex re. Nieves v Molina, 207 AD3d 797, 798 [2d Dept 2022]), or request non-excludable adjournment periods (see Labate, 42 NY3d at 190).
In this case, Defendant has not carried his burden of demonstrating that post-readiness adjournment period from July 10 through July 14, 2025, occurred under circumstances that should be charged to the People. In other words, there is no showing on this motion record that the delays were caused by prosecutorial inaction that directly implicated the People's ability to proceed to trial. The People filed their initial COC on March 5, and their initial SOR on March 6, 2025. It was determined that the People complied with their initial discovery obligations as set forth in CPL 245.20 (1) when the COC was deemed valid by the Court on multiple occasions — consequently the SOR was not illusory. Once the People declared ready for trial, they were not required to repeat that declaration throughout the pendency of the action (People v Reed, 19 AD3d 312, 313 [1st Dept 2005]; People v Cortes, 80 NY2d 201, 214 [1992]).
Only the People's compliance with their initial discovery obligations is linked to their trial readiness (People v Radford, 237 AD3d 1511, 1513 [4th Dept 2025], lv denied, 43 NY3d 1048 [2025]). The People's delay in providing the additional discoverable material as directed by the Court, under the circumstances here, did not revert them to a state of unreadiness for trial. The People's obligation to provide such material is more akin to compliance with their continuing discovery obligations under CPL 245.60 — which are not tethered to the speedy trial provisions of CPL 30.30 (id.; see also People v Johnson, 2025 NY Slip Op 51425 [U] *4 [Crim Ct, NY County 2025]). Sanctions for violations of those ongoing discovery obligations are governed by CPL 245.80 (2) (Radford, 237 AD3d at 1513). This Court makes no determination as to the propriety of such sanctions, since Defendant did not seek that relief in his moving papers.
Conclusion
For the above reasons, the period from July 10 — July 14, 2025, is not chargeable to the People. The People's March 6, 2025 SOR stopped the speedy trial clock, at which point eighty-nine (89) days were includable (December 7, 2024 — March 6, 2025). Since the speedy trial clock has not yet expired, Defendant's motion to dismiss pursuant to CPL 170.30 (1) (e) and 30.30 is DENIED.
This constitutes the Decision and Order of this Court.
Dated: September 23, 2025
HON. SCOTT M. KROMPINGER, J.C.C.